### John Nance & Co. for use of John R. Lucas
### v.
### Pope and Hickman.

In assumpsit, plaintiffs declare that in payment of a precedent debt, they received of defendants a note appearing to be the note of H & Co. and T. endorsed by E. H. relying solely on the solvency of T. and that his name thereon was forged. On a trial on the general issue, the Judge instructed the jury that, if P's. name was forged, this of itself, gave the plaintiffs a right of action on the original consideration. The judgement being reversed for error in this charge and the cause remanded, the plaintiffs in an amended declaration, stated the legal steps which they had taken to make the several liabilities appearing on the note, available; that the endorsers name was also forged, and that when the note was transferred, H. & Co. and E. H. were and have continued insolvent, &c. and adding general counts.

1. The judgement of the Supreme Court was not a bar.

2. Under the general counts, it was competent for plaintiffs to prove the original consideration and the circumstances going to shew that the note was of no value, and that the defendants had not been prejudiced by its not being returned to them.

a Minor's Ala. R. 290.

THIS case at December term, 1824, having been remanded to the Circuit Court of Madison, [a] the plaintiffs there filed an amendment to their declaration, in the first count of which they state the several circumstances of the transaction nearly as in the fourth and fifth counts of the original declaration, and make other averments, not made in their original declaration, viz: That defendants *agreed to procure to be executed* and delivered to plaintiffs the promissory note of Hutchings & Co. and Turner, endorsed by Harris; that plaintiffs not confiding ·in the

solvency of Hutchings & Co. and Harris, relied solely on the solvency of Harris, and on that reliance consented to receive this note in payment, and received it, not knowing or suspecting but that it was the genuine note of, &c. &c. received in payment; that defendants delivered it as the genuine note of Hutchings & Co. and Turner; that on the 4th day of August, 1820, (three days after this note fell due,) it was duly presented at, &c. payment demanded and not made, and notice thereof given to Harris, the endorser. The plaintiff, Lucas, on 10th of August, 1820, instituted suit in Madison Circuit Court, on this note against Hutchings & Co. and Turner. Turner plead that he had not executed the note, and at September term, 1821, verdict and judgement were rendered for him. Hutchings having died before this, at this term his death was suggested, and a final judgement by default rendered against Bradford for the amount of the note and interest, &c. A *fi. fa.* issued thereon against Bradford, on the 8th October, 1821, directed to the sheriff of Madison county, on which he duly made his return "no property found;" that Bradford, presently after the 10th April, 1820, absconded from the State, and has continued beyond its limits, so that process could not be served on him; that on the 14th August, 1820, plaintiff, Lucas, in said Court, instituted suit against Harris as endorser of the note. The writ then issued against him, and an alias issued 9th October, 1820, were duly returned "not found;" that Harris had then removed from the State, in consequence of which suit was not further prosecuted against him. At the maturity of the note, Hutchings, Bradford and Harris were, and have ever since continued wholly insolvent; that this note was not the genuine note of Turner, and his name thereto was forged; that Harris was not a party to the note, his name was put therein as payee, without his knowledge or consent, and his name thereon as endorser, was and is forged; of all which, defendants had notice, &c. &c. concluding with a super se assumpsit.

The second, third and fourth were general counts of indebitatus assumpsit, quantum valebat, and insimul computassent.

The defendants plead, first, non assumpsit, on which issue was joined. Second, The former judgement of the Circuit Court and the writ of error thereon; and that

JULY 1827
John Nance &Co. v. Pope&Hickman.

thereupon, by the consideration and judgement of the Supreme Court, at their December term, 1824, " the said defendants were held not to be liable to said plaintiffs upon the said promises and undertakings in the said first count, in the said amended declaration mentioned, and the said judgement of the Circuit Court upon the promises and undertakings aforesaid, wholly reversed and held for nought, as more fully and at large appears by the record and proceedings of," &c. To this plea the plaintiffs, "protesting" that the cause of action as set out in their amended is not the same as in their original declaration, replied that said judgement of the Supreme Court was not final and conclusive on the rights of the parties, but that the cause by the judgement of the Supreme Court was remanded to said Circuit Court for further proceedings. Demurrer and joinder to this replication. The Circuit Court sustained the demurrer.

On the trial of the issue, the plaintiffs offered as evidence, the records of the suit, Lucas against Hutchings & Co. and Turner on the above mentioned note, transferred by defendants to plaintiffs; of Bradford's oath and discharge as an insolvent debtor, and of the proceedings against Harris; also the testimony of witnesses tending to prove the original consideration from plaintiffs to defendants, that the names of Turner as maker, and of Harris as endorser were forged; that Hutchings & Co. and Harris were insolvent when the note was transferred, and the plaintiffs in receiving it relied solely on Turner; all which, on the objection of the defendants, was rejected; to which plaintiffs excepted. Verdict and judgement for defendants.

The plaintiffs assigned here among other matters, that the Circuit Court erred,

1. In sustaining the demurrer of defendants to their replication to the second plea.

2. In rejecting the evidence as stated in the bill of exceptions.

KELLY, HUTCHINSON and CLAY, for defendant in error. The demurrer to the replication to the second plea, was wrongfully sustained. The judgement set out in the plea, was not a bar unless it was final; no judgement is a bar but a final one.[a] The object of the Court in remanding the cause before, for further proceedings in the Court below, was to enable the party so to amend as to reach the

[a] 5 Bac. 440, 441, 442. 2 Blk. R. 830. 6 Term 607. 7 John. 20. 9 John. 221. 1 Cranch 181. 3 Mass. 338.

merits and justice of the cause. The plea and demurrer contravene the order remanding the cause, and destroy its object. It is clear that an amendment in the pleadings may be made after a cause is remanded. [a] The case made by the amended declaration is materially different from what it was before, and is one not adjudicated by the previous decision, which was reversed *mainly*, if not entirely, on the erroneousness of the charge of the Judge, who presided below on the first trial.

a 9 Wheat. 45-6.

As to the second assignment, the evidence was excluded because there was a *special agreement*, and a special count embracing it; and also because it was inapplicable to the common counts, as it was said; this was erroneous. The true rule is, that where the evidence is sufficient to warrant a recovery on the common counts, supposing no special agreement laid in the declaration, the plaintiff should be permitted to recover on the general counts, *though a special agreement be laid, or attempted to be proved.* [b]

b Bullers N P 139 12 East. 1. 2 Doug. 6.. 1 Term R. 48. 7 John. 132.

And though there be a special agreement, yet if not subsisting, a recovery may be had on the common counts. [c]

c 4 Bos. & P. 351. 5 Mass. 391. 10 John. 36.

The evidence was properly applicable to the common counts. Supposing the agreement to have been special, yet it was not subsisting; it may be destroyed either by *nonperformance* or *fraud*, and was so in fact. There is an implied warranty in the transfer of every negotiable instrument, that it is not forged. [d] In Arnold against Crane, [e] it was held that a promissory note was proper evidence under the money counts. In this case, three notes had been given, but were taken up under pretence of securing payment; this case was determined on the ground of fraud. In Putnum against Lewis, [f] where a note was given for medicine, &c. it was held that the note might be produced and cancelled at the trial, though no fraud alleged. In Johnson against Wade, &c. [g] which was an action of assumpsit for goods, &c. one defendant agreed with the plaintiff to pay in a note, and a receipt in full was given. The maker proved insolvent before the note was due; the plaintiff recovered, though there was no fraud. In the case of Schermerhorn & Co. against Loines, et al, [h] which was an assumpsit for goods, &c. the defendants were joint owners of a ship, the note of one was taken, and a receipt in full given; Townsend the ma-

d 15 John. 24.
e 8 John. 79.
f 8 John. 304.
g 9 John. 316.
h 7 John. 311.

JULY 1827.

John Vance &Co. v. Pope&Hickman.

ker, died insolvent; the plaintiff recovered; neither the note nor the receipt being an extinguishment, though here there was no fraud. In Wilson against Force, [a] on common counts, the defendant proved payment in a note; the plaintiff offered to prove that the defendant *represented the maker solvent*, when he knew otherwise; the evidence was admitted; here there was fraud. Packford against Maxwell [b] was a case where a draft was given in payment of a debt; the drawee having no funds of the drawer, it was held no payment. In Smith and Marshall against Rogers and Bement, [c] which was an action of assumpsit for goods, &c. The defendants dissolved; Bement wrote to the plaintiff that he had assumed their debt; the plaintiffs said they were *satisfied*, and took his note; but Bement proved insolvent, and the plaintiffs were permitted to recover. Those cases shew that the payment was a nullity, and that the plaintiff could resort to the original consideration, and that as the special agreement was not a subsisting one, the evidence was good on the common counts.

HOPKINS and M'KINLEY, for the defendants in error.

The special plea averred that the special count in the declaration was for the same cause of action, which had been previously determined in the Supreme Court against the plaintiffs; the replication is defective in not directly denying the averment. [d] It is also defective in complicating the matter of law, whether or not the former judgement of the Supreme Court had finally decided the cause of action embraced by the special count, with the matters of fact that the case had been remanded by the Supreme Court to the Circuit Court for further proceedings, and the facts protested against by the replication. [e] It is also bad in not denying or confessing the judgement stated in the plea, and in not replying *nul tiel* record of the judgement relied on by the plea. [f]

This Court will now decide such rights only between the parties as were not determined before by the Supreme Court. [g] And to ascertain what was determined by the Supreme Court before, the Court will now inspect the former record and decision. [h] The testimony set out in the bills of exception, would not, according to the former decision, entitle the plaintiffs to recover against the defendants, as will be seen by reference to that opinion. [i] That decision, even if erroneous, cannot now be changed;

a 6 Jonn. 110, and note.

b 6 Jonn. 52.

c 17 Jhn. 340.

d 2 Jhn. 227.

e 1 Chit. Pl. 520, 510, 542.

f 1 Chit. Pl. 540, 553.

g 7 Cranch 565, 567. 1 John. Ch. R. 189, 194-5. 6 Wheat. 109, 113, 114. 1 Wheaton 355. 10 Wheaton 431, 442, 444, 446. 4 Hen. and Munf. 205, 202. 1 John. Cases 492, 495. 1 Ch. Pl 397.

h 10 Wheat. 442. 6 Wheat. 114. 4 Henn. & Munf. 205. 1 Blk. Com. 69, 71.

i Minor's Ala. R. 299.

it finally settled the rights between the parties on the special counts, and the Circuit Court in deciding between the parties after the cause was remanded, was bound to conform to it. [a]

The Court properly rejected all the evidence, because that Court had already determined by the decision on the demurrer, that the special facts therein set forth, gave the plaintiff no cause of action; and they were the same set of facts that were offered in evidence under the common counts; [b] also, because the evidence constituted the same cause of action which had been previously determined by this Court, against the plaintiffs; [c] because the note of the defendants, which had been cancelled, being the foundation of the plaintiff's cause of action, and payable at a particular place, could not be admitted as evidence to support a count in which no averment was contained of its presentment for payment at the place, nor any excuse stated for the failure to do so, nor the note described as payable at the place, and for other reasons. [d]

The replication denies only, that the judgement relied on by the plea is final and conclusive on the parties, without denying that it is conclusive on the matters stated in the special count, to which the plea relates. To the plea of a record of a former adjudication pleaded in bar, the replication should have been *nul tiel record.*

a 6 Craunch 267, 268. 1 Wheat. 355. 1 John Ch. R.195. 10 Wheaton, 444, 446. 6 Henn. & Munf. 205.

b See the authorities before cited.

c 1 John.Ch.Rep. 795. 6 Cranch, 267,268. 1 Wheaton, 355. 4 Hen. & Munf. 205.

d 9 Wheat. 558, 562, 597—8.

The CHIEF JUSTICE delivered the opinion of the Court.

After this cause had been remanded to the Court below, the plaintiffs obtained leave and filed an amended declaration. In order to obtain a correct conclusion on the points now presented, it is important to inquire, was the aspect of the case, under the amended declaration, essentially different from what it was when the first verdict and judgement were rendered? The special count of the amended declaration differs essentially from any of the counts in the original declaration. In some appellate Courts it is usual, when a cause is remanded, to send instructions for the direction of the Court below. This has not been the practice of this Court, nor is it believed that where this is the practice, special instructions would be given where the judgement of the revising Court turned on some single point, and did not fully embrace the merits of the action. This cause was remanded for further proceedings without any instructions to the

JULY 1827.

John Nance & Co. v. Pope & Hickman.

Circuit Court, as to the manner of disposing of the case, when it should be again brought before it, and from an examination of the opinion then given by this Court, it will be seen that the judgement was reversed on the ground, that an improper charge was given by the Judge to the jury on the trial. This charge presented an isolated point, arising from the evidence as stated in the bill of exceptions.

If on the trial, after the cause had been remanded, the evidence presented a state of facts, materially different from that on which the charge excepted to, had been given, the opinion given by this Court as to that charge, could not control the case. The case as remanded, stood as if the verdict had been set aside by the Circuit Court, a new trial awarded, and the amendment made by leave of the Court. If the amendment had not been made, the opinion which this Court had given, could not control the case, unless the evidence had presented the same state of facts, and the same charge had been prayed for on the second as was given on the first trial; and then the proper mode of obtaining the benefit of the opinion which the Supreme Court had given, would not have been by plea. The opinion which the Supreme Court had given, would be the law governing the case, and if the charge of the presiding Judge should not be in conformity to the law, the proper remedy would be by bill of exceptions. If the doctrine contended for in support of this plea was correct, the appellate court, so far from affording relief in the last resort, would become the instrument of the most shameful abuses. On the trial in the inferior court, the Judge might think the testimony sufficient, inform the plaintiff that farther testimony, or testimony on other points, with which he was then fully prepared, would be an unnecessary consumption of time, and thus arrest the course of the evidence. The appellate court might determine, that the judgement was not sustained by the evidence stated on the record, and if their judgement, reversing and remanding the cause, precludes another trial as to the facts, the plaintiff would be without remedy. This would be as grossly absurd as unjust. The opinion of this Court in reversing the first judgement rendered by the Circuit Court *in this* case, was mainly on the charge to the jury on that trial.

The Circuit Court in effect, charged the jury that, if they believed the name of Simon Turner as one of the

makers of the note to be a forgery, and that the note was transferred in payment of the debt of the defendants, they must find a verdict for the plaintiffs. This charge was considered by this Court, not warranted by the evidence as stated on the record. It was thought that the mere forgery of one of the names appearing on the note, was not of itself, sufficient to charge the defendants who had paid it away. Some general rules were stated and reasons given by the Court, in support of their opinion. But the reasoning of the Court in support of their conclusion is not the conclusion itself, and it is unsafe to rely on the reasoning in support of any conclusion, any farther than it is used in direct reference to, and is indispensably necessary to sustain it. Such reasoning cannot be safely applied where the premises have been changed.

In the use of general terms, too, language is often deficient in precision, and the precise idea intended is not conveyed. In the opinion given on reversing the first judgement in this case, it is stated as a general rule of law, that a person receiving a forged note in payment of a precedent debt, must return it to him from whom it has been received, before he can maintain an action on the original consideration; but it was not intended to be understood that there were no exceptions to this rule. All that could then be decided, was that the evidence stated on the record, did not shew a compliance with this rule, or a case excepted from its operation. Another general rule then stated is, that if the note was paid in good faith, although it was a forgery, the party who received must place the party who paid it in as good a situation as to his rights on it, as when it was paid, before he can have a right of action, and if by the negligence of the party who received, the party who paid has lost any of his rights or security on the note, he is discharged.

From the record as it then stood, it did not appear that Pope and Hickman could be placed in as good a situation as when they transferred the note. It did not appear that notice had been given to Harris as endorser, or that his name too was forged. But it was not intended by that decision, to preclude the plaintiffs from proving on a future trial, that such notice had been given, that Harris' name had been forged, or that he was insolvent, or other circumstances, to shew that the defendants had not been prejudiced by the failure to give notice to the endorser,

John Nance &Co.
v.
Pope &Hickman.

and to return the note, nor could such have been the legal effect of the decision.

The merits of this case may be fully investigated under the amended declaration, and no good reason can be shewn, why leave to amend should have been denied to the plaintiffs.

We are of opinion that the Circuit Court erred in sustaining the defendants demurrer.

It is further alleged, that there was error in rejecting the testimony offered by the plaintiffs under their common counts. Without examining very minutely into the testimony so offered and rejected, it seems that testimony of the character which this purports to be, ought to have been received. If the note received in payment was a forgery and worth nothing, the plaintiffs had a right of action on the original consideration, and the evidence would have been proper under the indebitatus count.

We are of opinion that the judgement of the Circuit Court must be reversed, and the cause be remanded.

JUDGE WHITE not sitting.