## LAKE v. GILCHRIST.

1. When a note made upon a gaming consideration, is transferred in payment of a debt, an action may be maintained upon the consideration of the original debt, without proof of any diligence to recover the amount of the note from the maker.

2. When the note of an insolvent man is passed off in payment of a debt, and the insolvency is artfully concealed, by any stratagem, or unfair practice, an action may be maintained upon the original consideration.

3. Although a witness in answering an interrogatory, under the law authorizing parties to be examined, may state any thing which relates to the immediate subject, upon which he is called on to answer, and his response must be taken entire, or not at all, yet his answer to a distinct matter from that inquired of, is not evidence for him.

Error to the Circuit Court of Lowndes.

ASSUMPSIT by the plaintiff in error, against the defendant in error, as surviving partner of Gilchrist and Bedford.

The three first counts of the declaration are for the purchase money on the sale of land, by the plaintiff to the defendant.

The substance of the fourth count is, that upon accounting with the plaintiff, the defendant and his former partner fell in debt to him $280, and to induce him to receive in payment therefor, a note for that amount, made by one Robert L. Campbell, to one B. F. Dozier, and by him indorsed to the defend-

ant and Bedford, undertook, and faithfully promised, and assumed, to him, that the note was legally due by the said Campbell, to them as indorsers, and that a judgment could be recovered on the same, against Campbell; and further alledges, that they deceived and defrauded him, in this, that the note was not legally due, from Campbell, but the same was given by Campbell, to Dozier, for a gaming consideration, and all which was well known, &c., by means whereof, &c.

The fifth count is the same as the last, except that it was alledged, that the defendant guarantied, that the said Campbell, was legally liable to pay said debt, when in truth he was not; the same being given upon a gaming consideration.

The sixth count charges, that when the plaintiff received the note of Campbell in payment of the debt, he believed him to be solvent, and able to pay; that the defendant knew he was insolvent, and unable to pay, and artfully concealed the fact from the plaintiff, by means whereof, &c.

The defendant took issue on the three first counts, and demurred to the three last, and his demurrer was sustained by the Court.

Upon the trial, the plaintiff proposed to read the portion of an answer, to an interrogatory, which had been put to the defendant under the statute, so far as it was responsive to the interrogatory, and to suppress the residue, which the Court refused, and ruled the entire answer to be evidence. The interrogatory and answer are as follows:

"Is not the sum of two hundred and eighty dollars, with interest from the time of the transfer of said note, the balance on said land, due at the transfer thereof, still unpaid in any other way, than by the transfer of said note to said Lake?"

"He answers, that from information, he believes, that Bedford passed said note of Campbell to Lake in part payment of the purchase of said land, with the distinct understanding, and agreement between them, that Lake should use a degree of diligence, which he has failed to observe, to collect said note, otherwise Gilchrist and Bedford were not to be bound for the payment of the same. Defendant then answers, that to the amount of said note, said land was never he believes paid for, in any other way, than by said note." To which the plaintiff excepted.

The plaintiff then produced the note of Campbell, and gave evidence, that a constable had two small executions against Campbell, in 1841, and could not make the money, and proved a tender of the note to defendant before suit brought.

The plaintiff moved the Court to charge, that if the note was given in payment of an existing debt, and that the money had not, and could not have been collected from Campbell, that it was no payment of the demand.

Which the Court refused to give, and charged, that when plaintiff accepted the note of Campbell on account of the indebtedness of defendant, he was bound to demand the money of Campbell, and give notice of non-payment to defendant, in a reasonable time, and if such was not done, or excused, defendant was not responsible in this action.

The assignments of error are, the judgment on the demurrer, and the charge given, and refused.

T. Williams, for plaintiff in error.

Cook, contra, cited 2 Madd. Chan. 440; 13 Vesey, 47; 1 Porter, 260; 2 Id. 308; 7 Id. 175.

ORMOND, J.—In Bates v. Ryland, 6 Ala. Rep. 668, we had occasion to consider the effect of a contract, by which a note is received in payment of a pre-existing debt. In that case, after an elaborate examination of the authorities, it was held, that the creditor might declare for the precedent debt, or consideration, but could not recover, without showing the same degree of diligence, as would be necessary to recover from the defendant, on his indorsement.

It was also held, that when the maker of the indorsed note was insolvent, and died before the creditor was by law required to sue him, the indorser was directly liable. In this case, it does not appear that the note of Campbell, received in payment of the debt, was indorsed to the plaintiff, but that does not vary the case, because, unless a sufficient excuse was shown, the diligence required in either case, would be ascertained by the character of the instrument transferred. If it was mercantile paper, by demand and notice. [Milton v. De Yampert, 3 Ala. Rep. 648.] If not governed by the commercial law, then by bringing suit to the first Court, to which it

could be brought against the maker. [Jordan v. Garnett, 3 Ala. Rep. 610.]

As no suit was brought in this case, or any diligence employed to collect the money of the maker, it becomes necessary to inquire, what will be a sufficient excuse for the want of diligence. In the case of Bates v. Ryland, cited from 6 Ala. Rep., it was held, that the death, and insolvency of the maker of the note, before the holder was obliged to commence suit, was a sufficient excuse. So in Trotter v. Crockett, 2 Porter, at page 411, the Court held, that where a fraud had been practiced, as when the maker of a note given in payment of an existing debt, was represented to be solvent, when he was insolvent, or when the note was a forgery, it would be a sufficient excuse for the want of diligence.

The result of these decisions, may be thus summed up— when a note or other instrument, is received in payment of an existing debt, the creditor must use due diligence to recover it, from the maker, or he cannot sue the debtor upon the original consideration. If the instrument so transferred is governed by the commercial law, by a demand and notice of non-payment. If not mercantile in its character, by a suit thereon to the first Court to which suit can be brought, as required by the statute, unless a fraud has been practiced on the creditor in the transfer, as by a false representation of the solvency of the maker, or unless the instrument so transferred, has no legal validity; as for example, if it be forged; for there is in every such transfer, an implied warranty, that the instrument is legally valid, and that a judgment may be recovered thereon against the maker.

With this exposition of the law, we proceed to the consideration of the declaration. The fourth count charges as an excuse for want of diligence in collecting the money, that the note was not legally due, being given for a gaming consideration. This comes within the rule above laid down. The note was not a valid security, being declared void by statute, there was therefore, no necessity for bringing a suit upon it, and upon offering to return the note, the plaintiff could recover upon the original consideration.

The fifth count is the same as the preceding, with the additional averment, that the defendants guarantied, that the ma-

ker of the note was legally liable to pay it, which is what the law would imply, if no express warranty had been alledged. It is therefore substantially the same as the preceding.

The sixth count alledges, that the defendant knew that Campbell, the maker of the note, was insolvent, and unable to pay, and "artfully, and fraudulently, concealed the fact from the plaintiff," &c. We are not prepared to say, that the mere silence of the defendants at the time of the transfer, of the insolvency of Campbell, if known by them, would be a fraud. By the term, "artful concealment," we understand, that some unfair practice was resorted to, by which the plaintiff was intentionally deceived. So considering it, we think the count good, and the Court therefore erred in sustaining the demurrers to these counts.

The Court also erred in its charge to the jury, that the plaintiff could not recover, unless he proved a demand of Campbell, and notice of non-payment in a reasonable time to the defendants. If the note was given upon a gaming consideration, the plaintiff was entitled to recover the original consideration, upon offering to return the note.

The remaining question, is the decision of the Court requiring the answer of the defendants to be read, although not responsive to the interrogatory. The intention of the Legislature in the passage of the act under which these interrogatories were filed, was, that they should be a substitute for a bill of discovery. The answers are to be "evidence at the trial of the cause, in the same manner, and to the same purpose and extent, and upon the same condition in all respects, as if they had been procured upon a bill in Chancery for discovery, but no further, or otherwise." [Clay's Dig. 341, § 160.]

The portion of the answer objected to, was not evidence against the plaintiffs. The question propounded, called on the defendant to state, whether the debt had been paid in any other way, than by the transfer of Campbell's note. In answer to which, the defendant goes on to speak of the contract, by which Campbell's note was received. This was a totally distinct matter from that inquired of; and although the witness may be allowed to speak of any thing which relates to the immediate subject, upon which he is called on to answer, and his answer must be taken entire, or not at all; the rule

does not apply when, as in this case, wholly irrelevant matter is introduced. If the defendant had thought proper, he might have interrogated the plaintiff, as to the nature of the contract, by which the note was transferred, but he cannot under the pretence of answering a different question, give evidence of the contract. This is the effect of the case of Lady Ormond v. Hutchison, 13 Vesey, 53, referred to by the plaintiff's counsel.

Let the judgment be reversed, and the cause remanded.