## MOORE v. BRIGGS.

1. M, purchased a carriage of B, and for the payment of 150 dollars, part of the price, drew an order in favor of B, as follows: "Mr McGuire will please pay, when collected, of fees now due, as orphans court fees, one hundred and fifty dollars, and I am to be responsable for interest on this order, until paid," which was accepted by McGuire. B, at the same time, in writing, acknowledged the receipt of the order, and other claims, in payment of the carriage. It was proved that more than $150 was due M, in fees, when the order was drawn, but that McGuire did not collect them, but turned the fees, and fee docket, over to one Blount, his successor in the office of county court clerk, of which M was judge. Held, that in the absence of fraud, or mistake in giving the order, and executing the receipt, and there being no proof that the fees were not due, and could not be realized, or that M had interfered to prevent the collection of the fees, B could not maintain an action against M, upon the original consideration.

Error to the Circuit Court of Tuscaloosa.    Before the Hon. T. A. Walker.

THE facts will appear in the opinion.

S. D. J. MOORE, for plaintiff in error.    The only question is one of payment.    Did Briggs receive in payment of the carriage, the order set out in the bill of exceptions?    Briggs himself so declares in his receipt to plaintiff in error, and the proof shows such to be the case, independent in the order. If received in payment, there is an end of the question ; the judgment must be reversed.

N. L. WHITFIELD, contra.

The order for the fees was not made payable to Briggs, and Moore could at any time have arrested the collection, or prevented the payment to Briggs; and as McGuire was not responsible to Briggs, for a failure to collect, it follows that upon the failure of McGuire to collect the fees, and the refu-

sal of Moore on demand to pay, an action will lie on the consideration of the original contract.

The plain meaning of the whole is, that the contract was contingent, and was to be a payment only in the event McGuire collected the fees. It is wholly unlike the case of Harrison v. Hicks, 1 Porter, 423.

He further insisted, that the receipt executed by Briggs was not conclusive, but was open to explanation; and cited Gayle v. Randle, 1 Stew. 529; Sanders v. Hendrix, 5 Ala. 224; Hogan & Co. v. Reynolds, 8 Id. 59.

CHILTON, J.—This was an action of assumpsit by the defendant in error against the plaintiff. The declaration contained only the common counts. Pleas, non-assumpsit and payment. Verdict and judgment for the plaintiff below. It appears from a bill of exceptions sealed upon the trial, that the plaintiff below proved the defendant had purchased of him a carriage; that one hundred and fifty dollars of the price to be paid for it remained unpaid, (to recover which this suit was brought.) That for this sum the plaintiff received of Moore an order on one Moses McGuire, as follows : "Mr. McGuire will please pay, when collected, of fees now due as orphans' court fees, one hundred and fifty dollars, and I am responsible for interest on this order till paid. July 10, 1846. (Signed,) S. D. J. Moore." This order was accepted by McGuire, and was read in evidence to the jury. The plaintiff also proved, that the fees upon which said order was drawn, accrued while said McGuire was clerk of the county court, and before said order was given. That after it had been accepted by him, McGuire turned over his fee docket to his successor, Blount, and told the plaintiff he would not collect said fees, and refused to pay said order. Of this refusal the plaintiff notified Moore, and demanded of him payment, before bringing this action.

The defendant below proved that McGuire, at the time of accepting the order, promised to proceed and collect the fees; that fees to the amount of three hundred dollars were then, and are still due from solvent men. Also, to prove payment,

the defendant read a receipt in the following words: "Received of S. D. J. Moore, in payment of a carriage, an order on M. McGuire for one hundred and fifty dollars, and a note on Faver & Forrest for one hundred and forty dollars, due the 1st of January, 1844, and a note of said Moore, due 2d Monday in December, 1846, for thirty-two dollars, and in addition said Moore is to deliver his old carriage and harness. This 10th July, 1846. (Signed,) Amos Briggs." The court charged the jury, " If they believed from the evidence, that defendant had purchased a carriage from plaintiff, and in part payment had given the order above copied, drawn on a particular fund when collected, and not for the payment of money directly, and that the order was accepted by Mc-Guire, who had been clerk of the county court, and that Mc-Guire had failed to collect the fees mentioned in the order, and had turned the fees and fee docket over to Blount, the then clerk, and also, had notified the plaintiff he would have nothing more to do with it, and after this, the plaintiff had notified the defendant of McGuire's refusal to pay, and demanded of him the sum for which said order was given, and defendant refused to pay it—the order being such an instrument as could not be sued on—the plaintiff had a right to recover on the original consideration, whatever sum he had proved to be due him for the carriage sold to defendant. That the order can only be allowed to go before the jury for the purpose of showing, and explaining the transaction, and to show that it was an instrument that could not be sued on."

For the foregoing charge the defendant below excepted, and assigns the same for error in this court.

We do not see upon what principle the charge of the circuit court can be sustained. The receipt of the defendant distinctly states, that the order on McGuire, with the other notes, and the old carriage and harness, were received in *payment* of the demand now sued for.

No fraud or mistake in giving the order, or in the execution of the receipt is alledged, or pretended to be proved. So far as the history of the transaction is set forth in the record, it appears the plaintiff below obtained all he contracted for; he agreed to receive in *payment* an order on McGuire for fees which were due in the orphans' court. This order

was duly accepted, and the fees were then, and still are due, and subject to the order when collected.

The case at bar bears a strong analogy to the case of Harrison v. Hicks, 1 Porter's Rep. 423. There an order had been given, and accepted as payment by the creditor, drawn on the Cherokee agency, for money due from the government of the United States to the drawer. The holder had twice applied for the money, but failed to obtain it, as the government had not then placed the agency in funds. Held, that if the order was accepted as payment and discharge of the debt, by the contract between the parties, in the absence of fraud, or some failure, such as the record did not disclose, the contract should prevail. See also, Lowry v. Murrell, 2 Por. Rep. 280; Minor's Rep. 299; 1 Stew. Rep. 220; 2 Ib. 498; 1 Stew. & Por. Rep. 446; 2 Por. Rep. 401; 9 Ib. 146; 7 Ala. Rep. 955; 10 Ala. Rep. 755. In Trotter v. Crockett, 2 Por. 411, the court (Thornton, J.) says, "if the transfer were intended as an absolute payment, then there can be no resort to the original note, nor to the original consideration of that note." By the charge of the court in this case, the contract of the parties is abandoned. They have said the order shall be a payment, the effect of the charge is, that it shall not so operate.

If Moore, by any conduct of his, had prevented the plaintiff below from realizing the fund upon which the order is drawn, (as the counsel for the defendant in error contends he might have done,) then there would be force in the argument, that he should be liable on the original consideration, as he should not plead a contract which he has violated, in bar of a recovery. But this is not pretendod. On the contrary, the fees, which were collected, are to satisfy the order—are due from solvent men, and can be realized and rendered available to the defendant in error. That he may have difficulty in collecting such fees—that delay may intervene, and that the clerk may omit to issue executions for their collection, or may refuse to pay over the amount when collected, as by his acceptance of the order he is bound to do, only proves that the plaintiff below may have made a bad trade, but certainly, in the total absence of all fraud, imposition, or

mistake, do not authorize him to disregard the contract, and sue upon the consideration.

We need say nothing as to the right of the party to explain the receipt, as no explanation was offered to be proved, tending to show that it did not truly set forth the contract of the parties.

Let the judgment be reversed, and the cause remanded.