## PRITCHETT vs. MUNROE.

1. A party is not allowed to garble an admission, or to call for part of a transaction only; if he calls for an admission, either by bill of discovery or interrogatories under the statute, the opposite party has the right to state all that was said at the time in relation to the same subject; if he seeks a discovery as to an act, the other party may legitimately state in his answer whatever would be part of the *res gestæ*.

2. When the testimony of a party is taken on interrogatories under the statute, while the principles which apply to the discovery are necessarily the same as

Pritchett v. Munroe.

those which prevail in chancery, the rules of practice as to the mode in which objections are to be made to the testimony are those which apply to the testimony of other witnesses taken by interrogatories in the courts of law.

3. When a party offers in evidence his own answer to an interrogatory, a part of which is irrelevant and irresponsive, there is no error in excluding the entire answer.

4. If the vendor, during the negotiation for the sale, makes a fraudulent representation in relation to a material fact, and one on which the vendee has a right to rely, and the latter is thereby misled to his prejudice, the vendor is responsible in damages.

5. In most cases, if the vendor, at the time of making the contract, discloses all that he knows in relation to the subject matter of the sale, the purchaser cannot be deceived or misled, and no recovery can be had; but if the vendor makes a false representation during the negotiation, it is a question for the determination of the jury, whether the effect of it on the mind of the vendee is done away by the vendor's subsequent disclosure of all that he knows in relation to the subject of the contract.

6. A charge based upon a hypothetical state of facts, which excludes from the consideration of the jury other evidence which is before them, is erroneous, as tending to mislead the jury, by creating the impression that they would be authorized to reject the other evidence.

7. A charge is erroneous, which takes away from the jury, and refers to the court, the determination of the question whether the facts of the case were such as to put the purchaser on his guard, and require him to resort to the ordinary and accessible means of information.

ERROR to the Circuit Court of Talladega.

Tried before the Hon. ROBERT DOUGHERTY.

The action was a special action on the case, brought by the defendant in error against the plaintiff in error, to recover damages for a deceit in the sale of land.

During the progress of the case, the plaintiff below filed interrogatories for the defendant to answer; and on the trial, the plaintiff not having excepted to any of the answers, after reading the affidavit and the interrogatories, read as evidence certain portions of the answers of the defendant thereto; and thereupon the defendant offered to read the portions of each answer thus omitted, but was overruled by the court, and such portion excluded. The opinion of the court sufficiently refers to such parts of the affidavit, interrogatories and answers, as are necessary to elucidate the legal question presented upon the exclusion of this evidence.

In one of the answers which was read to the jury, the defendant admitted that he had pointed out to the plaintiff what

he supposed to be the true north and south line on the eastern side of the tract sold, and which he told the plaintiff at the time had been represented to him as such by a Mr. Holmes, from whom he had purchased; that said line, as shown by the defendant, was a line of blazed trees; and that he also informed the plaintiff that Mr. Phillips had set a compass, for the purpose of ascertaining the direction of said line, but had not pretended to run out the line any further than by setting the compass at the corner; and that said Phillips was not a competent surveyor. There was also evidence conducing to show that said line was an open line, and that after the line above referred to had been shown, the plaintiff said to the defendant, that if he would have the land surveyed, he would make the trade; and that the defendant refused, saying that he had bought the land in that way, and he would sell it in that way, or he would not sell it at all. The evidence also tended to prove, that the line spoken of by the defendant below was not the true line, but included some fourteen acres more than the true line did; and that the land thus excluded was of great value to the tract.

Upon this evidence the court was requested by the defendant to charge:

1. That if the defendant, at the time of making the contract, stated to the plaintiff all that he knew about the lines of said land, and only what he knew, the plaintiff could not recover;

2. If, at the time the parties were looking at the land, the defendant showed plaintiff what he supposed to be the north and south line on the east of said land, and told him that the same had been represented as such by the person from whom he purchased, and there was no proof of his making any other representations in relation to the direction of said line; and that upon returning from looking at said land, the plaintiff offered to purchase it, if the defendant would have it surveyed, which the latter refused to do, observing, that he had bought the land in that way and would sell it in no other, and that if the plaintiff insisted upon its being surveyed there would be no trade; and that thereupon the plaintiff made the purchase, without having the land surveyed, he could not recover;

3· That if the defendant informed the plaintiff, during the negotiation, that the line in dispute was an open one, and had not been surveyed, and the plaintiff then proceeded to make the purchase without having the land surveyed, that these are such circumstances as should have put the plaintiff on his guard, and in that event he could not recover;

Which charges the court refused.

The exclusion of portions of the answers to the interrogatories, and the refusals to give the several charges as asked, are here assigned for error.

L. E. PARSONS and JOHN WHITE, for plaintiff in error:

1. The statute makes the answer of a party to whom interrogatories have been propounded, "evidence at the trial, in the same manner and to the same purpose and extent, and upon the same condition in all respects, as if they had been procured upon a bill in chancery for discovery, but no further or otherwise." Clay's Dig. 341 § 160. The plaintiff below offered portions of the answer in evidence. This, we insist, authorized the defendant to offer all which was responsive to the interrogatories. The plaintiff in error was called on in so many words, to "state what representations he made to the plaintiff below, concerning the lines of said land, the amount of territory, what ground he represented as being within the lines, and whether said ground was in the lines he showed plaintiff below, and whether said ground was within the true lines of said tract of land." In one portion of the answer which plaintiff below did not offer, and which was excluded by the court, when plaintiff in error offered it, "he denies that he refused, as stated in the plaintiff's affidavit, or that he then again repeated that the line he showed affiant was a true line and could not vary from the line he showed affiant." There are five more answers excluded by the court, each of which was more clearly admissible than the above. The attention of this court is especially invited to an examination of them. Park v. B'k. Montgomery, 5 Ala.

The plaintiff below should have excepted to the answer, if it contained irrelevant matter, or matter not called for; and if he offered any part of the answer in evidence, without

doing this, the plaintiff in error had a right to offer the balance.

2. In refusing the first charge asked, the court clearly misapprehended the law, as laid down by this court, when the case was here before. This charge asserts, that if plaintiff in error, "at the time of making the contract, told all that he knew about the lines of the land, and only what he knew, then plaintiff below could not recover." This is in strict conformity with the rule laid down by this court. Monroe v. Pritchett, 16 Ala. 786; Barnett v. Stanton & Pollard, 2 ib. 186, and cases cited.

3. The second charge asked puts the case upon the ground, that plaintiff in error did not misrepresent the matter at all in respect to the information he had received, as to the lines of the land, nor the source of it; and further, that he absolutely refused to trade unless Monroe was willing to take the land as he had, without a survey, and that he did then trade for the land without a survey, then the defendant in error has no claim on him, because he acted with his eyes open as to all the facts, and Pritchett's means of knowledge. In that state of the case, there could not be any deception; the charge, therefore, ought to have been given: Munroe v. Pritchett, *supra*; 1 Chitty on Contracts 134–5, 3d American ed.; 2 Esp. Rep. 572; 2 Kent's Com. 484–5–6; 8 Cowen 25; 10 Johnson 412; 9 Ala. 684; 15 ib. 322; 18 Pick. 104.

A seller is unquestionably liable, if he fraudulently misrepresent the quality of the thing, in some particulars, which the buyer has no equal means with himself of knowing. Vernon v. Keys, 12 East 637; Barnett v. Stanton & Pollard, 2 Ala. 187–88–89–90, and cases cited in the opinion.

4. The last charge goes upon the idea that the plaintiff below had knowledge of such facts as should have put him on his guard; in short, when he was told that the line in dispute was an open line, and had not been surveyed, then the fault was his own. 7 Conn. 333; 9 ib. 286.

"The vendor is not bound to disclose defects, which are open to the observation of both parties; but if he designedly conceals such as are not thus visible, but rest exclusively within his own knowledge, the vendee may disaffirm the contract." Barnett v. Stanton, 2 Ala. 188–9.

The true question is, whether there has been a misrepresentation of facts. If there has not, and the misrepresentation is matter of opinion only, no action lies.

RICE & MORGAN, *contra:*

1. The offer to read those portions of each answer which had not been read by the plaintiff, was too general; it embraced illegal testimony. Melton v. Troutman, 15 Ala. 535. The answers, standing alone, were not intelligible, and would have misled the jury. The denials of facts stated in the affidavit, and the explanations of those facts, could not be understood without reference to the affidavit. The affidavit was not offered in evidence. The portions of the answers excluded were not responsive to the questions.

2. The portions of the evidence excluded, are supplied in other portions read by the plaintiff. Spence v. Mitchell, 9 Ala. 744. Pritchett had every opportunity in his answers to direct questions, to have stated the facts of the whole transactions, but he preferred to make the statements in answer to questions which did not call them out.

3. The first charge refused would, if given, have confined the jury to the consideration of what was said by the defendant at the time of the making of the contract. There were many things done by the plaintiff, and many things said by him, during the negotiation, at and before the time of making the contract, which were strongly indicative of fraud, and which the jury should have been allowed to consider. Nabors v. Camp, 14 Ala. 460; Carlisle v. Hill, 16 ib. 398.

4. The hypothetical state of facts presented in the second charge asked, was directly opposed to some portions of the proof; there were other representations made with regard to the lines of the land, than those stated in the hypothesis presented in the charge. Carlisle v. Hill, *supra.* The charge assumes that the plaintiff cannot recover, if the defendant, at the time the parties were looking at the land, showed the plaintiff what the defendant supposed to be the true line, and stated that it had been so represented to him by Holmes, of whom he purchased, and made no other representation in reference to the direction of the line, and upon returning, the conversation took place stated in the charge refused.

This charge would have precluded all inquiry on the part of the jury into the representations of defendant as to the land embraced within the lines, and what Pritchett said about Phillips having surveyed it, &c., and would have been a declaration on the part of the court that the evidence established that Munroe traded alone upon what Pritchett said Holmes had told him, and the conversation between himself and Pritchett, and that the other facts in proof formed no part of the inducement to the trade on his part. Griffith v. Eby, 12 Missouri 517.

5. The last charge refused states the proposition, that if a man is defrauded in a trade, yet, if there were circumstances which should have put him on his guard, his remedy is destroyed thereby. Glasscock v. Minor, 11 Missouri 655.

6. The material question in this and all similar cases is, whether confidence has been reposed by the vendee in the vendor, and the vendee thereby misled; for, if the vendee has been misled, it is immaterial whether it was done by what the vendee said or did at the time of the sale, or pending the negotiation and before the sale; and a charge which confines the jury to the representations made at either time, or any one time, should be refused, because it would mislead the jury and injure the vendee. See 11 Miss., *supra*, 655.

7. A misrepresentation as to the territorial extent of land sold, although it is known before the vendee takes possession, gives the vendee a right to recover damages for the injury, although the vendee could not rescind the contract. The right to rescind is alone lost by taking possession with a knowledge of the fraud. 1 Conn. Rep. 305.

GOLDTHWAITE, J.—On an examination of the evidence which was excluded by the court on the trial below, we think an error was committed in the rejection of any portion of the answer made by the defendant to the second interrogatory. The affidavit, which the record shows was offered in evidence by the plaintiff, alleges that the defendant, in reply to a certain proposition made him by the other party, refused to have the land surveyed, and goes on to state what was said by him at the time of such refusal. The answer admits such refusal, but states a qualification under which it was made,

and denies that it was accompanied by the language stated in the affidavit. A party is not allowed to garble an admission, or to call for a part of a transaction only. If a statement or admission is inquired in relation to, the qualification under which it was made thereby becomes evidence, and the whole must be taken together. If a party calls only for that portion which makes in his favor, he cannot thereby exclude the other portion, which may operate against him; and an answer to a bill of discovery proves no exception to this well recognized principle. When offered by the opposite party, it becomes evidence, so far as it is responsive to the call for discovery, or is connected necessarily with the responsive matter. Co. & Hill's Notes to Phil. Ev. 927. If it calls for an admission, the defendant has the right to state all that was said at the time in relation to the same subject; for unless the whole is received and considered, the true meaning of the part which is good evidence against him cannot be ascertained. For similar reasons, if a discovery is sought as to an act, the party may legitimately state in his answer whatever would be part of the *res gestœ.* Apply these rules to the answer in question, and there is no difficulty in determining that every portion of it is responsive to the interrogatory to which it purports to be a reply.

In relation to the parts of the other answers which were excluded by the court, it is insisted on the part of the plaintiff in error, that even if the matter was irrelevant or not called for, such portions should have been excepted to and suppressed; and that failing to pursue this course, if the opposite party offered any portion of the answers, he thereby made the whole testimony. This court has already decided, that where interrogatories are filed to obtain a discovery, the answers in relation to distinct facts not inquired of, are not evidence as to such facts, for the party answering, (Lake v. Gilchrist, 7 Ala. 955;) and the same rule must of course apply to irrelevant matter. The question, therefore, which is presented in this aspect of the case, is simply one of practice, as to the manner in which an objection is to be taken to matter which is not evidence, which is contained in answers to interrogatories filed under the statute. Clay's Dig. 341 § 160. The object of the legislature was, unquestionably, to give a

more expeditious and less expensive remedy than was afforded
by the proceeding in chancery; and while the principles
which apply to the discovery must necessarily be the same as
those which prevail in chancery, the rules of practice should
be in analogy with those which govern proceedings of a simi-
lar character in courts of law. The evidence of the parties
is obtained by interrogatories, and when taken, if for no other
reasons than to preserve uniformity in our system, it should
be governed, so far as the mode in which objections are to be
made to the testimony is concerned, by the same rules which
are applicable to the testimony of other witnesses taken by
interrogatories. It will not be questioned, that, if the answer
of a witness contains matter which is not evidence, the ob-
jection may be made on the trial, (Wall v. Williams, 11 Ala.
326;) and this without reference to the medium through
which it is offered. Ib. 834. If this be the correct rule in
relation to the answers of a witness in courts of law upon
interrogatories, why should not the same rule apply to a party
who gives his evidence in the same court upon interrogato-
ries? The testimony was offered by the defendant, and that
portion of it which was illegal was properly excluded. We
may add, that we consider all that portion of the evidence
which we are now considering, and which was excluded by
the court, as not responsive to the interrogatories, with the
exception of certain portions of the answer to the fourth in-
terrogatory. The portion of the last answer to which we
refer, is that part which states the representations made by
the defendant in relation to the south boundary of the land,
and which are explanatory of the same; and also that portion
of the same answer, which alleges that he made no further
representations than those stated in the answer, in relation to
the precise boundary of the land, or as to what amount of
territory was embraced within the lines; and this we con-
sider upon a fair construction as responsive to the interroga-
tory referred to. But as the other parts of the same answer
which were excluded by the court were not responsive, and
the motion on the part of the defendant was to offer the
whole in evidence, there was no error in overruling it, with
reference to this answer. It is not for the court, but for the
party offering the testimony, to separate the legal from the

illegal; and if he fails to do this, it is not error for the court to reject the whole. West v. Kelly, 19 Ala. 353.

Neither was there any error in refusing to give the first charge which was asked; which was, in effect, that if the defendant, at the time of making the contract, told the plaintiff all that he knew, and only what he knew, no recovery could be had.

The evidence upon which this charge was based, shows, that if any misrepresentations were made, it was before the contract was consummated; and the rule is, that if the vendor, during the treaty or pending the negotiation for the sale, makes a fraudulent representation in relation to a material fact, and one on which the other party had the right to rely, and the purchaser is thereby misled to his prejudice, the seller is responsible in damages. Neville v. Wilkerson, 1 Bro. Ch. Rep. 546; Stor. Eq. § 195–197; Monroe v. Pritchett, 16 Ala. 785. It is true, that in most cases, if the vendor, at the time of making the contract, tells all that he knew in relation to the subject matter of the sale, it would be impossible that the purchaser should be decieved or misled; and of course, in such a case, no recovery could be had. But it does not follow, that in every case where a false representation has been made during the treaty, its effect is done away by the subsequent disclosure of all which the party who made it may know in relation to the subject of the bargain. The purchaser may still be misled by the false representation previously made; and whether he is so or not—whether the subsequent disclosure relieves his mind from the effect of the misrepresentation—is properly a question for the jury to determine. Suppose, by way of illustration, that the vendor made a fraudulent representation during the negotiation, in relation to one of the lines which he did not know, would it be pretended that a statement made by him at the time the contract of purchase was entered into, that he knew the other lines, and that they were those which he had pointed out, would relieve him from the consequences of the previous fraud, if the other party had acted upon and was misled by it?

The second charge requested on the part of the plaintiff in error was also properly refused, as from the bill of exceptions it appears that evidence was before the jury of representations

made by the defendant below, in relation to the directions of one of the lines of the land, other than those which are contained in the instructions refused. We refer to the representations made by the defendant as to the blazed line marked by Phillips, and as these representations were admitted in the answer of the defendant to the interrogatories filed, they must not only be regarded as evidence, but as amounting to full proof that such representations were made. Whether they were true or false, whether they were relied upon by the purchaser in concluding the bargain, or whether he was misled by them, is not the question. It was sufficient to authorize the refusal, that it appears from the record that the fact that other representations were made was legally established. The effect of the instructions prayed for would have misled the jury, by creating the impression that they would be authorized to reject the representations referred to, which, as we have already said, were fully proved, and which were not incorporated in the charge. Carlisle v. Hill, 16 Ala. 398.

In relation to the last charge asked, it is only necessary to observe, that it assumes that whatever may have been the fraudulent representations made by the vendor in relation to the lines of the land, he was absolved from all responsibility therefor, if the purchaser knew that the land had not been surveyed. We cannot sanction the proposition thus broadly. The fraudulent representations may be made under such circumstances as to put the purchaser off his guard, as to induce him to forbear from investigation, when otherwise he would have investigated. There may be cases where the parties deal at arm's length, where the one possesses no means of information superior to the other, or has no right to repose confidence, that a misrepresentation will not even avoid the contract. The purchaser in such a case would be required to resort to the ordinary and accessible means of information. 2 Kent Com. 484, 4th Ed.

The charge as asked would take the case from the jury, and refer it to the court to determine that the evidence made out a case of the character of which we have just spoken. There was no error in the refusal.

For the error before referred to, the judgment must be reversed, and the cause remanded.