## BLACKMAN *vs.* JOHNSON.

[ACTION ON BILL OF EXCHANGE BY PAYEE AGAINST DRAWER.]

1. *To what witness may testify.*—A witness may testify that a slave is *unsound;* and if his observation has not been sufficient to justify the assertion as a matter of fact, it is the appropriate office of a cross-examination to make this appear.

2. *Hearsay inadmissible.*—The declarations of a physician, respecting the condition of a sick person whom he is called to attend, when proved by a third person who was present, are mere hearsay, and, consequently, not competent evidence.

3. *Proof of condition of sick slave.*—Where the soundness of a slave is in controversy, a witness cannot be allowed to testify that, on a particular occasion when he was present, he *thought* the slave would die; nor to state the fact that the slave himself prayed, and called on others to pray for him.

4. *Declarations of sick slave.*—The declarations of a slave who is sick or diseased, made to his attending physician, respecting the remedy resorted to on a former occasion, are not admissible evidence on the principle of *res gestœ.*

5. *Admissibility of parol evidence of fraud, notwithstanding writing.*—The fact that a contract is reduced to writing, does not preclude the admission of parol evidence of fraud.

6. *When misrepresentation constitutes fraud.*—The law is settled in this State, that a misrepresentation of a material fact by the vendor, although made without a knowledge of its falsity, may constitute a fraud on the purchaser.

APPEAL from the Circuit Court of Macon.
Tried before the Hon. S. D. HALE.

THIS action was brought by Edward Johnson, against Burrell Blackman and James Blackman ; was founded on the defendants' bill of exchange for $200, dated the 13th August, 1850, and payable at sight, to the plaintiff's order; and was commenced on the 6th September, 1850. The defendants pleaded the general issue, in short by consent, with leave to give any special matter in evidence. On the trial, after the plaintiff had read in evidence the bill which was the foundation of the action, the defendants proved that it was given in part payment for the purchase-money of a slave, named John, who was sold by plaintiff to said Burrell Blackman at the price of $800 ; and then read in evidence the bill of sale for the slave, which contained a warranty that the slave was " sound in body and mind, venereal disease excepted." The defendants then read in evidence the depositions of Martha Plant and Mahala Jarnigan, who, in answer to a direct interrogatory by defendants, testified, " that said negro was not sound." The court excluded this statement from the jury, on the plaintiff's objection, " on the ground that the same was illegal, and the mere opinion of the witnesses ;" to which ruling the defendants excepted. The court also excluded from the jury, on the plaintiff's motion, " as illegal and irrelevant evidence," the following portion of the answer of the same witnesses to another direct interrogatory, to-wit: " Martha Plant says, that Dr. Dunn told Burrell Blackman at that time that it was a bad case, and that he could not cure the slave ; and advised said Blackman to carry him to Dr. Sims, of Montgomery. At another time shortly afterwards, when again called in to see the boy by said Blackman, said Dunn told him that he could not cure the boy, and, as he could not get Dr. Sims, to carry him to Dr. Jones, of Tuskegee ; that it was a bad case, and the knife would have to be used on him. Both the witnesses say, that the first night Dr. Dunn was called in, they thought the boy would die ; and that the boy called on Dr. Dunn to

pray for him, and called on his master and mistress to pray for him, and prayed himself." To the exclusion of this evidence from the jury the defendants also reserved an exception. The court also excluded from the jury, on the plaintiff's motion, " as illegal and the mere expression of an opinion by the witness," a statement by Henry H· Blackman, another witness for the defendants, in these words : " The boy John was not sound when I knew him ;" and the defendants excepted to its exclusion. The defendants also read in evidence the depositions of Drs. Jones and Howard, practicing physicians, who had performed a surgical operation on the slave for a stricture of the urethra, and who testified to his condition, the character of his disease, his value, &c. ; and stated, among other things, " that the boy told them the stricture was attempted to be burned out in Richmond." This statement of the witnesses the court excluded, on the plaintiff's objection, " as illegal and irrelevant evidence ;" to which the defendants excepted. The defendants offered to prove by a witness named Crowder, who was present at the sale of the slave, " that before the bill of sale for the slave was signed and delivered, the plaintiff told Burrell Blackman, that the disease with which the slave was then afflicted was an ordinary case of gonorrhœa; that the slave had just caught it, and it could be cured without any difficulty; and that he then had medicine along with him that would cure it." The court excluded this evidence from the jury, on the plaintiff's objection, "on the ground that it was illegal and irrelevant under the issue joined between the parties ;" and the defendants excepted.

The rulings of the court on the evidence, as above stated, are now assigned as error.

JAMES E. BELSER, for the appellants.

WATTS, JUDGE & JACKSON, *contra.*

A. J. WALKER, C. J.—That a slave is unsound, is not necessarily a matter of opinion, or scientific deduction. It is often a fact perfectly obvious to the senses. The observation of a man writhing from day to day with pain,

or languishing upon a bed of illness, or covered with a cutaneous eruption, would authorize the announcement by the observer, as a fact, that he was unsound.  Hence, this court has said, that " the most ignorant witness may be permitted to state the *fact* of disease, when open to the perception of the senses," (Milton v. Rowland, 11 Ala. 732;) " that the apparent condition of the physical system, as to health or sickness, is certainly a matter of fact," (Bennett v. Fail & Patterson, 26 Ala. 605;) and that such expressions as, the slave was sick, had fever, was pregnant, &c., coming from a witness not an expert, were legal evidence, (Wilkinson v. Mosely, 30 Ala. 562.)  The statements of the witnesses Plant, Jarnigan, and Blackman, that the slave was *unsound*, were admissible, and the court erred in rejecting them.  If their observation did not justify their assertion, it was the appropriate office of a cross-examination to expose their delusion or falsehood.

[2-3.] The declarations of the physician, called to minister to the slave John, were but the declarations of a third person, and there was no error in excluding them. That the witness, on a given occasion, *thought* the negro would die, was not a fact having a legitimate bearing in the case, and was not admissible in evidence.  So, also, the fact that the slave prayed himself, and called upon others to pray for him, was not evidence, and was properly rejected.

[4.] The declaration of the slave to his attending physician, that a specified remedy had at one time been resorted to, was not competent evidence.  Our previous decisions upon the admissibility of the statements of diseased slaves to their physicians, do not justify the admission of such evidence.—Wilkinson v. Moseley, 30 Ala. 562; Eckles & Brown v. Bates, 26 *ib.* 655; Rowland v. Walker, 18 *ib.* 749.  There may be cases, where past treatment has so affected the character of the disease, and has exerted so continuous and protracted an influence upon the disease and the health of the patient, that a knowledge of it would constitute a material element in judging of the disease; and it may be that, in such cases, the declarations of the slave, as to his past treatment, would be admissi-

ble. It does not appear that this is such a case, and we merely mention it to avoid misapprehension of the extent of our decision.

[5.] The fact that the contract of the parties was in writing, does not preclude the admission of parol evidence of fraud in the sale of the slave by the plaintiff to the defendant. The representation of the plaintiff, as to the character of the disease of the slave and its curableness, certainly pertained to, and affected the question of fraud, and was admissible. There was evidence in the case conducing to show that that representation was untrue, and prejudicial to the defendant. It would be an invasion of the province of the jury, for the court to assume that the falsity of the representations was not sufficiently shown.

[6.] It is contended that, from the whole evidence, it is clear that the plaintiff did not know of the falsity of the representation made by him; that in the absence of such knowledge, there was no fraud; and that the evidence being clearly insufficient to establish fraud, it might be rejected. This argument erroneously assumes, that a false representation is only fraudulent, when made with a knowledge of its falsity. The law, as settled in this State, is otherwise.—Atwood v. Wright, 29 Ala. 346; Read v. Walker, 18 Ala. 323; Munroe v. Pritchett, 16 Ala. 785; S. C., 22 Ala. 501; Foster v. Gressett, 29 Ala. 393; Lanier v. Hill, 25 Ala. 554.

Judgment reversed, and cause remanded.