(99 South. 640)
J. F. MORGAN PAVING CO. v. CARROLL.
(6 Div. 819.)

(Supreme Court of Alabama. Feb. 7, 1924. Rehearing Denied April 17, 1924.)

1. Payment ⇐9—Debt payable in money can be discharged by payment of money only.

A debt payable in money can be discharged by the payment of money only, unless otherwise agreed.

2. Payment ⇐9—May be made in anything of value if given and accepted in full of the demand.

Payment may be made in anything of value, if given and accepted in full of the demand, or a part payment, if given and accepted at an agreed value less than the whole.

3. Payment ⇐1(1)—Implies discharge of obligation according to its terms.

"Payment" implies a discharge of the obligation according to its terms, or by something given and received of agreed value equal to the debt or liability.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Payment.]

4. Accord and satisfaction ⇐7(1)—Rule as to when an "accord" arises stated.

An "accord" arises where the demand itself is unliquidated or in dispute, by an agreement to give and take less than the amount claimed, or where the amount and nature of the demand is undisputed, and it is agreed to

give and take a less sum than the demand; the residue being discharged in a legal way.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Accord.]

**5. Accord and satisfaction ⊂⊃1—What constitutes "satisfaction."**

"Satisfaction" is the execution of the agreement of accord.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Satisfaction—Satisfy.]

**6. Novation ⊂⊃1 — Requisites of novation stated.**

"Novation" is the substitution of one debtor for another, and requires: (1) A previous valid obligation, (2) the agreement of all parties to the new contract, (3) the extinguishment of the old contract, and (4) the validity of the new one.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Novation.]

**7. Novation ⊂⊃5—Acceptance of order on county board of revenue for payment of road work held not to extinguish debt.**

Where a contractor agreed to release a subcontractor from finishing the berms on a road and to make a deduction from the amount due him in consideration of such release, and to pay the balance owing him in three parts, and a check for the payment of the percentage to subcontractor having been dishonored, contractor tendered him an order on the county board of revenue in satisfaction of the entire demand, such order did not extinguish the debt to subcontractor by novation, since the action of the president of the board of revenue in accepting the order could not bind the county, nor authorize the acceptance and issue of a warrant therefor, and, being payable out of a special fund, was payable only when such fund should become available; it being immaterial that the county owed contractor other funds.

**8. Novation ⊂⊃10—Agreement upon condition does not become binding until condition is met.**

A novation agreement upon condition does not become binding until the condition is met.

**9. Accord and satisfaction ⊂⊃26(1)—Contractor alleging that order was taken in satisfaction of debt to subcontractor had burden of proof.**

Where a subcontractor took an order on the county board of revenue for a debt owing him from contractor for work done on the road, prima facie, such order was not taken in satisfaction of the debt, and therefore the burden was on contractor to show an agreement, express or implied, that it was so taken.

**10. Accord and satisfaction ⊂⊃26(3)—Evidence held not to show that subcontractor accepted order drawn on county board of revenue in satisfaction of claim against contractor.**

In an action by a subcontractor against a contractor for money due him from building a road, evidence *held* not to show that subcon-

tractor was asked or that he accepted an order drawn by contractor on the county board of revenue in satisfaction of his claim.

**11. Accord and satisfaction ⊂⊃5—Valueless order on county board of revenue held not consideration for accord and satisfaction.**

Where a contractor was indebted to a subcontractor for work done on a road, and issued an order drawn on the county board of revenue in payment of the debt, such order did not constitute consideration for an accord and satisfaction, where there was no showing that the county was liable to the contractor for the fund drawn upon, or that the order was of any value whatever.

Appeal from Circuit Court, Jefferson County; J. B. Aird, Judge.

Action on common counts by J. L. Carroll against the J. F. Morgan Paving Company, to recover for road construction work done by a subcontractor. From a judgment for plaintiff, defendant appeals. Affirmed.

The agreement between the parties of May 29, 1920, is as follows:

"Birmingham, Ala., 5/27/20.

"Mr. J. L. Carroll, City—Dear Sir: Regarding your contract for grading South Bessemer road and your request for release from same. We are willing to undertake the finishing and dressing of the berms for $1,000.00 and release you on Saturday May 29, 1920. We will pay you the estimate for April and May as soon as received from the county. We will accept the $1,000.00 as a credit to the retained percentage we are due you. One-half of the remaining retained percentage we will pay you on July 10, 1920, or at time we receive estimate from the county for June's work. We will give you on July 10, 1920, an order to Jefferson county board of revenue for the remaining half of retained percentage. It is understood that you release all claims to any work done on your contract after May 29, 1920. All right of way on final estimate to be credited to you except from Grasselli to Mose Hill place.

"Yours very truly,
 "J. F. Morgan Paving Co.,
 "By Wilburn Hill.

"Accepted: J. L. Carroll.
"Witness: Sidney Glenn."

The following order was given by defendant to plaintiff:

"Birmingham, Ala., September 1, 1920.

"To the Honorable Board of Revenue, Jefferson County, Alabama.

"Gentlemen: We hereby authorize you to pay J. L. Carroll or order thirty-three hundred and forty-three dollars seventy-nine cents ($3,343.79) out of the amount of seventy-four hundred and sixty-two dollars forty cents ($7,462.40) deposited with W. W. Crawford, trustee for Jefferson county June 12, 1920, as evidenced by his receipt, when said fund is available and in no case prior to the final estimate

⊂⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

being passed to J. F. Morgan Paving Co., on South Bessemer road contract.

"Respectfully,     J. F. Morgan Paving Co.,
"Wilburn Hill.

"Accepted: Board of Revenue, Jefferson County, Ala., by J. W. Gwin, President."

Thompson & Thompson, of Birmingham, for appellant.

The general affirmative charge should never be given either party, unless there is no material conflicting testimony affecting the rights of the parties. Scales v. Central Iron Co., 173 Ala. 639, 55 South. 821; Mobile Light Co. v. Portis, 195 Ala. 320; McCray v. Sharpe, 188 Ala. 375, 66 South. 441. Where there is an agreement whereby one of the parties undertakes to give or perform, and the other agrees to accept in satisfaction of the claim something other than or different from what he considers himself entitled to, this is an accord and satisfaction. 1 Cyc. 523. A novation is a substitution by mutual agreement by one debtor for another, whereby the old debt is extinguished against the old debtor and a new debtor is substituted, all of which must be agreeable to all parties. 29 Cyc. 1130.

C. C. Nesmith and Edgar E. Garrison, both of Birmingham, for appellee.

The action of the board of revenue can only be shown by the minutes and the president of the board has no authority to accept an order for the county, except in accordance with the regular minutes of the board. A contract of novation to be valid must be based upon a good and sufficient consideration. 20 R. C. L. 367; 29 Cyc. 1130. A consideration is necessary to render an accord and satisfaction valid. 1 C. J. 528; Scott & Sons v. Rawls & Rawls, 159 Ala. 399, 48 South 710.

BOULDIN, J. The existence of the debt sued upon, the amount thereof, and that it was past due when suit brought, are admitted facts.

The defense was that the debt was extinguished by payment, accord and satisfaction, or novation.

The court below gave the general affirmative charge for plaintiff. The propriety of this instruction is the sole question here presented.

J. F. Morgan Paving Company, the defendant, was a road contractor, constructing a road under contract with the board of revenue of Jefferson county. J. L. Carroll, plaintiff, was a subcontractor of defendant. The debt accrued to plaintiff pursuant to an agreement in writing of May 27, 1920, closing out the subcontract. On September 1, 1920, defendant gave plaintiff an order in writing directed to the board of revenue for the amount agreed to be due.

The inquiry is, Did the evidence make a jury question as to whether this order was given and received in discharge and satisfaction of the debt?

[1-3] A debt payable in money can be discharged by the payment of money only, unless otherwise agreed. Payment may be made in anything of value if given and accepted in full of the demand, or a part payment, if given and accepted at an agreed value less than the whole. Payment, strictly speaking, implies a discharge of the obligation according to its terms, or by something given and received of agreed value equal to the debt or liability.

[4, 5] Accord and satisfaction consists of two elements expressed in that phrase. Accord arises in two classes of cases: (1) Where the demand itself is unliquidated or in dispute. In such case the accord is the agreement to give and take a sum of money less in amount than claimed, or something in lieu of the thing promised, of less value than claimed. (2) Where the amount and nature of the demand is not in dispute, and it is agreed to give and take a less sum, or thing of less value, than the demand, the residue being released and discharged in a legal way. Satisfaction is the execution of the agreement of accord.

[6] Novation, as here involved, is the substitution of one debtor for another. It involves three or more parties. There are four essential requisites: (1) A previous valid obligation, (2) the agreement of all parties to the new contract, (3) the extinguishment of the old contract, and (4) the validity of the new one. Hopkins v. Jordan, 201 Ala. 184, 77 South. 710.

[7] Whether an order on a third person operates as an extinguishment of the original debt in one of these modes, has been of frequent consideration by this court.

In Greil v. Durr, 203 Ala. 644, 649, 84 South. 743, 748, it is said:

"If a creditor accepts an order on a third person for money or goods as payment of his debt, the debt is unquestionably discharged in the absence of fraud or mistake. Harrison v. Hicks, 1 Port. 423, 27 Am. Dec. 638; Moore v. Briggs, 15 Ala. 24. But if such order is not accepted as a payment, its effect is that of a conditional payment only; that is, it operates as a payment and extinction of the debt only when the money or goods is paid to the creditor by such third person, responsively to the order. Until that event the debt persists, and the creditor has his remedy against his debtor, though he might also proceed against the third person if the latter has accepted the order."

In Moore v. Briggs, 15 Ala. 24, cited in above decision, an order was given by a former clerk of the county court to his successor, directing the payment of a fixed amount out of fees collected for the former, in part payment for a carriage. The order was accepted by the succeeding clerk, and a receipt given by the payee for the amount as pay-

ment on the carriage. There were fees due the drawer in excess of the order. Held error to instruct the jury, in effect, that this was not a payment of the original debt. This latter case cites the case of Harrison v. Hicks, 1 Port. 423, 27 Am. Dec. 638, saying:

"There an order had been given, and accepted as payment by the creditor, drawn on the Cherokee agency, for money due from the government of the United States to the drawer. * * * Held, that if the order was accepted as payment and discharge of the debt, by the contract between the parties, in the absence of fraud, or some failure, such as the record did not disclose, the contract should prevail."

In Lowenstein & Bros. v. Bresler, 109 Ala. 326, 328, 19 South. 860, it is said:

"The taking of a bill, or note, or check, for a pre-existing debt, without more, is not payment or satisfaction. The intendment or implication of law is that it is to operate as payment only in the event that it is paid; as to a check that it is cashed. 2 Dan. Neg. Ins. § 1623; 2 Morse on Banks, § 543; 1 Brick. Dig. 287, §§ 501–504. If insisted on as payment, the burden of proof rests on the party making the insistence, and he must repel the legal intendment or implication by evidence as clear and satisfactory as is essential to establish the payment or satisfaction of an admitted debt or demand. Whitley v. Dunham Lumber Co., 89 Ala. 493."

See, also, Smith v. Elrod, 122 Ala. 269, 24 South. 994; Johnson v. Collins, 20 Ala. 435.

In Keel v. Larkin, 72 Ala. 493, 502, the court quotes approvingly Mr. Parsons, saying:

" 'In almost all of the states except New York we suppose the note or bill of the debtor, or of a third party, may be payment by implied, as well as by express agreement; for there is no reason why the parties should not indicate their intention by actions, as well as by words. Where an implied agreement may be shown that the bill or note was taken in payment, all the facts are to be considered by the jury.' 2 Parsons, Bills and Notes, pp. 159–161."

Our court, commenting on this doctrine, says:

"Both express and implied contracts are founded upon the actual agreement of the parties; the only distinction between them being as to the mode of proof or evidence by which they are substantiated."

See, also, Whitley v. Dunham Lbr. Co., 89 Ala. 493, 7 South. 810.

In Williams v. Costello, 95 Ala. 592, 11 South. 9, it is said:

"The mere acceptance by the creditor from his debtor of a check on a bank, or the obligation of a third person, without more, will not be regarded as other than a conditional payment. It requires proof to the effect that the parties understood and agreed that the check or property should be received as a payment, and that it was so accepted, before it will be considered that the check or property was received in absolute payment of the debt."

Studying the record before us we note:

The substance of the agreement of May 27, 1920, was a release of the subcontractor from finishing the berms on the road, a deduction of $1,000 from the amount due him in consideration of such release, and stipulations for payment of the amounts to be due the contractor in three parts: (1) The estimate on work of April and May to be paid as soon as received from the county; (2) one-half of the retained percentage due the subcontractor, after deducting the $1,000, to be paid July 10th, or as soon as estimate received for June work; (3) give the subcontractor on July 10th an order on Jefferson county board of revenue for remaining half of retained percentage.

Some delay was had in getting estimates. On August 20th a check was given by defendant to plaintiff for $2,000 on account of retained percentage due him. This check was dishonored for want of funds. On September 1st defendant gave plaintiff the order on the board of revenue for $3,343.79, which is set up as satisfaction of the demand.

There is no evidence touching the order to be given under the contract of May 27th except as shown therein. We find no evidence of payment of first half of retained percentage as per that contract. It appears that the order of September 1st covered the entire amount due for retained percentage. Touching this order the plaintiff says:

"After that check for $2,000 was returned to me, I asked the J. F. Morgan Paving Company to give me something for my money. I asked them to pay me, and they suggested that they would give me an order, and I accepted it."

Mr. Hill, who represented the defendant in the transaction, says:

"Mr. Carroll was leaving here, which was agreeable with us, and he wanted a showing for his money, and my recollection is that he rather insisted on it, and we gave him the order there, which was, as I understood, accepted by him, and he was glad to get it under the circumstances. I gave him the order when he asked for it."

The order shows:

"Accepted: Board of Revenue Jefferson County, Ala., by J. W. Gwin, President."

It affirmatively appears, however, that no minute of the proceedings of the board of revenue shows such acceptance. The action of the president, so far as appears, could not bind the county. Under the laws for the presentation, auditing, and allowance of claims against counties, this order, without more, would not authorize acceptance and issue of warrant therefor. It was payable out of a special fund, when such fund should become available.

[8] A novation agreement upon condition, like any other agreement, does not become binding until the condition is met. It is not shown that the condition was met. The fact that the county owed defendant other funds would not meet this condition of the order.

For both the above reasons it is clear there was no completed novation by which Jefferson county became bound. Hence there was no extinguishment of the debt by novation.

[9] It is suggested that the jury were authorized to infer plaintiff considered his claim doubtful of collection, that in this condition he· preferred to risk the county rather than the defendant, and therefore accepted the order in accord and satisfaction. Prima facie the order was not taken in satisfaction. The burden of proof was on defendant to show an agreement. express or implied, that it was so taken.

[10] There is no evidence that plaintiff was asked to so take it. It appears to have been given as a showing for his money, a means of helping get his money. In such case there is no proof that it was taken as a choice between debtors. He was free to take it as a conditional payment only, or as collateral for the debt. No receipt nor release of the debtor was asked nor given. No finding of satisfaction or payment discharging defendant could be inferred by the jury except upon a presumption that plaintiff chose to look to the county alone, when he was free to look to both. The presumption is the other way.

[11] It is not apparent from the record that the county was then or will at any time be liable to defendant for the fund drawn upon. So, it cannot be said, in last analysis, that the order represented any value whatever. In such case, it could not be a consideration for accord and satisfaction.

We find no error in giving the affirmative charge for· plaintiff.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.