THE NORTHEASTERN RAILROAD COMPANY *vs.* BARRETT
*et al.*, executors.

Injunction will not be granted to restrain an action at law where the grounds urged therefor can as readily be set up as a defense to such action. To warrant interference by injunction, it must appear that the remedy at law is not complete. The concurrent jurisdiction of courts of law and equity has been greatly enlarged, and the court first taking jurisdiction will retain it, unless some good reason can be given for the interference of the other.

Injunction. Equity. Courts. Before Judge POTTLE. Clarke Superior Court. May Term, 1880.

Reported in the decision.

A. L. MITCHELL ; L. &. H. COBB, for plaintiff in error

POPE BARROW ; GEO. D. THOMAS, for defendants.

CRAWFORD, Justice.

This was a bill filed by the Northeastern Railroad Company to enjoin a common law action of ejectment brought by Barrett and Ware, to recover certain land which the said company has now in possession, and to which they, as the executors of Edward R. Ware, claim title.

The defendants filed a demurrer to the bill, and after argument had thereon, the same was sustained by the court, and complainants excepted. The grounds of the demurrer were :

1. An adequate and complete remedy at law.

2. There was no equity in the bill.

3. The property was taken without due process of law.

The real questions of dispute between these parties, and out of which this litigation arises, are the *measure of damages, and the time when they are to be assessed.* The grounds of equity are, that by the consent of Ware, the owner of the land, they entered and constructed their road bed upon it, and made heavy expenditures in other improvements necessary to their use and enjoyment. They were always assured by Ware that they should have the land at its value, and at one time they had reason to believe that he would make a donation of the same to the company. And upon the further grounds of the wants of the community, commerce and general public interests.

We see no reason why all these matters may not be set up by proper pleas at common law, and the whole litigation there disposed of, without resorting to the harsh remedy of injunction and a suit in equity. If by the bill it was shown that this company could not be as fully and completely protected at law as in equity, then the bill would be sustained and the injunction granted.

The concurrent jurisdiction of the two courts has been greatly enlarged, and the court first taking therefore will retain it unless a good reason can be given for the interference of the other. None appearing by this bill, the judgment of the court below must be affirmed. Were we to hold otherwise, we should disregard numerous decisions pronounced by this court, some of which may be found in 60 *Ga.*, 594; 43 *Ib.*, 161, 327 ; 37 *Ib.*, 364.

Judgment affirmed.