# Fields *v.* Helms.

*Bill in Equity for Cancellation of Mortgage, or Redemption.*

1. *Filing bill in double aspect.*—A bill in equity may be filed in a double aspect, when the alternative prayers are not founded on inconsistent titles, and the alternative relief is of the same kind and nature.

2. *Same, by mortgagor.*—A mortgagor may file a bill in a double aspect, averring full payment of the mortgage debt, and yet offering to pay any balance that may be found due on the statement of the account, and praying for a cancellation of the mortgage, or for an account and redemption.

APPEAL from the Chancery Court of Blount.

Heard before the Hon. THOS. COBBS.

The original bill in this case was filed on the 24th May, 1880, by Bales Helms, against A. E. Fields and Lemuel Bentley, and sought equitable relief against two mortgages; one of which was executed by the complainant to said Bentley, and the other to said Fields. The mortgage to Bentley was executed on the 5th December, 1873, to secure several promissory notes given for the purchase-money of a tract of land; and this mortgage, with the secured notes, after several partial payments had been made, was transferred by Bentley to Fields, to whom a new mortgage and notes were afterwards executed, including, as the bill alleged, a loan of money and usurious interest. The bills, original and amended, alleged that the notes were fully paid, with legal interest; and the complainant offered to pay any

[Fields v. Helms.]

balance that might be found unpaid on the statement of the account. The bill prayed, "1st, that it be referred to the register to take and state an account, ascertain and report what sum of money, principal and interest, if any, may be found due from complainant to said Abijah E. Fields; 2d, that if, on the statement of the account as above prayed, it be found that your orator has paid the said A. E. Fields the amount justly due him on said two promissory notes payable to said Bentley, that said mortgages be decreed to be cancelled and delivered up to your orator; 3d, that the court grant such other and further relief to your orator as may accord with the law of the land and the practice of the court." The chancellor overruled a demurrer to the bill for want of equity, and a motion to dismiss it, "because said bill, as amended, unites distinct cause of action in the alternative, requiring different relief;" and his decree is now assigned as error.

HAMILL & DICKINSON, for appellant.—Alternative averments and prayers in a bill are only allowed when they are "the foundation for precisely the same relief."— *Warehouse Co. v. Jones*, 62 Ala. 553; *Gordon's Adm'r v. Ross*, 63 Ala. 363; *Micou v. Ashurst*, 55 Ala. 607. The leading object of the bill, here, is a cancellation of the mortgage, on the ground that the debt has been overpaid; and the secondary object is an account and redemption, if the secured debt has not been paid. The decree for relief, under these alternative averments and prayers, is essentially distinct and different.— *Waller v. Harris*, 7 Paige, 167; *Shannon v. Speers*, 2 A. K. Mar. 312; *Perine v. Dunn*, 4 John. Ch. 140. Suppose the bill had been confessed by the defendant, what decree would the court render?—55 Ala. 607.

W. J. HARALSON, and JOHN A. LUSK, *contra*, cited *Micou v. Ashurst*, 55 Ala. 611; 7 Porter, 144; 11 Ala. 325; 35 Ala. 380; 1 Dan. Ch. Pl. & Pr. 384-5, 5th ed.; Bispham's Equity, §§ 43, 222; 1 Brick. Digest, 701, § 901; 2 *Ib.* 127, § 120.

BRICKELL, C. J.—The precise point of the motion to dismiss the bill for want of equity is, that it avers payment in full of the mortgage debt, and yet avers that, if in the fact of full payment the complainant should be mistaken, he is ready and willing to make, and offers payment of any balance of the debt which may be found unpaid; and in either aspect relief is prayed. A bill, with such alternative, inconsistent averments and prayers, it is argued, can not be maintained. The general rule of equity pleading is, that if a complainant is not certain of his title to the specific relief he wishes to pray for, the prayer of the bill may be so framed, that, if one species of relief is de-

[Fields v. Helms.]

nied, another may be granted. The limitation of the rule, as was stated in *Micou v. Ashurst*, 55 Ala. 607, is, that the alternative prayer must not be founded on inconsistent titles, and the relief must be of the same kind and nature. The illustration of the limitation given in 1 Dan. Ch. Pr. 385, is very apt: "A plaintiff can not assert a will to be invalid, and at the same time claim to take a benefit on the assumption of its validity." Another apt illustration is found in *Shields v. Barrow*, 17 How. (U. S.) 130, where one of the prayers of the bill was, to set aside a contract on the ground of fraud, and another was that, if the contract was valid, specific performance of it should be enforced; the bill, praying for repugnant, inconsistent relief, was dismissed.

Admitting the present bill to be framed with a double aspect, and that it prays for alternative relief, the title of the complainant is the same, and the relief prayed is of the same nature and character. A mortgagor who, after the law-day of the mortgage, pays the mortgage debt, has no other remedy to divest the legal estate which has become absolute in the mortgagee, and to re-invest himself with it, than by bill in equity. The bill is essentially a bill to redeem. The right and title to relief springs from the nature and character of a mortgage in the contemplation of a court of equity; that it is, and shall stand, though its condition is broken, as a mere security for a debt. Though full payment of the mortgage debt may be averred, it is not unusual, and it is more appropriate, that the complainant should offer to pay any balance found due on the debt. 2 Jones Mort. § 1093. If the offer was not made, it would, perhaps, lie within the power of the court to impose as terms and conditions, upon which redemption could be had, the payment within a specified time of the unpaid balance of the debt, or that the bill be dismissed.—*Beach v. Cooke*, 28 N. Y. 508. However that may be, when the bill contains the offer, the power of the court is undoubted. The object and purpose of the bill is single—the redemption from the mortgage. If the debt has been fully paid, the complainant is entitled to relief, without terms or conditions. If a balance of the debt remains unpaid, to the same relief, upon the same title, and in the same right, he is entitled, on such terms and conditions as the court may impose for the payment of such balance. The case is of that precise character, in which a bill is properly framed in a double aspect, with alternative prayers for relief.

Affirmed.