# Gilmer *v.* Wallace.

*Bill in Equity for Injunction of Sale under Mortgage, or for Redemption.*

1. *Revision of chancellor's decision on facts.*—The settled rule of this court, in reviewing the chancellor's decision on facts, is not to reverse unless clearly convinced that he erred.

2. *Same ; mortgage held satisfied, and sale under power enjoined.*—On consideration of the voluminous testimony contained in the record in this case, which is conflicting and irreconcilable, and applying to it the settled rule which governs this court in revising the chancellor's decision on disputed questions of fact, the court is satisfied that the chancellor erred in his decree, and that the mortgage was in fact satisfied ; and therefore reverses the chancellor's decree, and here renders a decree perpetuating the injunction against the sale under the mortgage, and ordering satisfaction to be entered of record as prayed.

Appeal from the Chancery Court of Lawrence.

Heard before the Hon. Thomas Cobbs.

The original bill in this case was filed on the 11th January, 1882, by William Gilmer, against W. K. Wallace, and H. C. Speake ; and sought to enjoin a sale of certain lands by said Speake, as trustee under a deed of trust executed by the complainant to secure a debt which he owed to said Wallace, and to have satisfaction of the deed entered of record, on the ground that the debt was paid and satisfied ; or, if any thing should be yet due, for an account and redemption, and also for general relief. An answer to the bill was filed by Wallace, denying the fact of payment, and his answer was adopted by Speake, the trustee. On final hearing, on pleadings and proof, the chancellor dismissed the bill, on the ground of variance between the allegations and the proof as to the facts relied on as constituting a payment ; but his decree was reversed by this court on appeal, and the cause was remanded, in order that the complainant might be allowed an opportunity to amend his bill. 75 Ala. 220. The bill was afterwards amended, obviating the supposed variance ; and the cause being again submitted for final decree on pleadings and proof, the chancellor again dismissed the bill, but on the ground that the complainant had failed to establish his case. The chancellor's decree is now assigned as error.

W. P. Chitwood, and Cabaniss & Ward, for the appellant.
Wm. Cooper, and Thos. M. Peters, *contra.*

[Birmingham & Pratt Mines St. R'y Co. v. Birmingham St. R'y Co.]

STONE, C. J.—In reviewing a chancellor's ruling on facts, our rule is not to reverse, unless we are clearly convinced he has fallen into error.—*Rather v. Young*, 56 Ala. 94; *Nooe v. Gurner*, 70 Ala. 443; *Butts v. Broughton*, 72 Ala. 294; *Wilkinson v. Searcy*, 74 Ala. 243.

We have read the voluminous testimony in this record with very great care. There is conflict, and any attempt to reconcile it would be fruitless. There is great forgetfulness, or grievous fault. We will not attempt to collate or dissect it, for any such attempt would lead to criticisms we prefer not to make. Human memory is often treacherous, and human judgment is not infallible. Still we must pronounce on the testimony before us, let the result be what it may. Many a just demand has failed for want of proof, or has been hampered by a network of circumstances from which it could not be extricated. As we have said, we will not comment on the testimony. It clearly convinces us the chancellor erred in his finding on the facts.—*Gilmer v. Wallace*, 75 Ala. 220.

The decree of the chancellor is reversed, and a decree here rendered, granting to complainant relief, and reinstating and perpetuating the injunction. This cause will be remanded to the court below, with directions that that court require the defendant, William K. Wallace, to produce the note and mortgage of April, 1872, before the court, that the same may be then and there cancelled; and the costs of the court below are adjudged against the defendant, William K. Wallace.

Reversed and remanded.