# Fields *v.* Helms.

*Bill in Equity by Mortgagor, for Account and Redemption.*

1. *Release of right of redemption in mortgage.*—A stipulation in a mortgage, by which the mortgagor "expressly waives, releases and relinquishes whatever statutory right he may have to redeem the said premises in the event of a sale being made, and whatever equitable right he may have to avoid or set aside the sale in the event" of the mortgagee becoming the purchaser, does not take away or affect the right to file a bill in equity for an account and redemption.

2. *Revision of register's or chancellor's finding on facts.*—In revising the ruling of the register on a question of fact, dependent on testimony given orally before him, or the chancellor's ruling affirming it, this court will not reverse unless reasonably convinced that it is erroneous.

APPEAL from the Chancery Court of Blount.

Heard before the Hon. THOMAS COBBS.

The bill in this case was filed on the 24th May, 1880, by Bales Helms, against A. E. Fields and Lemuel Bentley; and sought equitable relief against two mortgages, one of which was executed by the complainant to said Fields, and the other to said Bentley. The mortgage to Bentley was executed on the 5th December, 1873, to secure the payment of several promissory notes given for the purchase-money of a tract of land; and this mortgage, with the secured notes, after several partial payments had been made, was transferred by Bentley to Fields, to whom a new mortgage and notes were afterwards executed, including, as the bill alleged, a loan of money and usurious interest. The bill alleged that the notes, with legal interest, were fully paid; and prayed an account, and the cancellation of the mortgages, if it should be ascertained that the debt was fully paid; or a redemption, on payment of the balance found due, which the complainant offered in his bill to pay. The mortgage to Bentley contained a power of sale, and a stipulation in these words: "And the said B. Helms, party of the first part, hereby expressly waives, releases and relinquishes, unto the said party of the second part, his heirs, executors, administrators or assigns, whatever statutory right he has or may have to redeem the said premises in the event of the said sale being made, and whatever equitable right he has or may have to avoid or set aside said sale in the event of the said party of the second part, or his legal representatives, becoming the purchaser."

A decree *pro confesso* was taken against Bentley, on both the original and amended bills. A demurrer was filed by Fields, assigning several special grounds; the 4th of which was, "because said bill does not contain any averments showing any payment or tender by complainant of the amount justly and really due to defendant, with lawful interest thereon, included in or secured by said mortgages or either of them." The chancellor, Hon. H. C. SPEAKE, overruled the demurrer on this ground, but sustained it on other grounds, and the bill was then amended. The defendant submitted a motion to dismiss the bill, "because said bill, as amended, unites distinct cases of action in the alternative, requiring different relief;" which motion was overruled by the chancellor, Hon. THOMAS COBBS, and his decree was affirmed by this court on appeal.—70 Ala. 460.

On the 26th June, 1880, Fields sold the lands under the power contained in the mortgage, becoming himself the purchaser at the sale; and on the 29th January, 1881, he

brought an action at law, to recover the possession. On the 22d March, 1881, an amended and supplemental bill was filed, alleging these facts, and praying that the sale and purchase be set aside, and that the action at law be perpetually enjoined; and an injunction was issued, on the *fiat* of a circuit judge. The defendant filed an answer to the amended bill, insisting that the complainant had released his equity of redemption by the terms of the mortgage, and had forfeited his statutory right of redemption by his failure to surrender possession within ten days after demand made. The chancellor overruled these defenses, and ordered a reference to the register of the matters of account. The register reported a balance of less than $20 due on the mortgage debt, and his report was confirmed, against exceptions filed by the defendant; and the chancellor thereupon rendered a decree, allowing the complainant to redeem on the payment of this sum, and dividing the costs equally between the parties.

The overruling of the exceptions to the register's report, the overruling of the fourth ground of demurrer to the bill, and each part of the final decree, are now assigned as error.

HAMILL & DICKINSON, for the appellant.

JNO. A. LUSK, and WATTS & SON, *contra*.

STONE, C. J.—We will not consider the sufficiency of the bill, nor the fourth ground of demurrer to it. They have been passed on.—*Fields v. Helms*, 70 Ala. 460. If the questions then considered were before us for the first time, we should unhesitatingly pronounce there is nothing to lead us to a different conclusion from what was then announced. Nor is there anything in the agreement by Helms, by which he attempted to release his right of redemption.—1 Jones on Mort. § 251; *Peugh v. Davis*, 96 U. S. 332. Nor in the sale and attempted conveyance to himself, made by Fields after the present suit was commenced, and he had notice of it. The only questions we will consider are those presented by the exceptions to the register's report.

The chief witnesses as to the matters of payment and account are Helms and Fields, the opposing parties. Their testimony is in such palpable coflict, that it is difficult to credit that conflict to honest mistake. Many witnesses testify that the character Fields sustains in his neighborhood is bad, while there is opposing testimony tending to show it is good. The testimony as to character was given orally before the register, and he had much better means of de-

termining its probative force than we can have. We are not able to affirm that we are reasonably convinced the register or chancellor erred to the prejudice of appellant. *Nooe v. Garner*, 70 Ala. 443.

Affirmed.