[Whitley & Trimble v. Dunham Lumber Co.]

89    493
96    225
47    461
97    489
89    493
102   458
89    493
109   329

# Whitley & Trimble *v.* Dumham Lumber Company.

*Bill in Equity for Cancellation of Mortgage, and Injunction of Sale under Power.*

1. *Bill for cancellation of mortgage, or redemption on payment of any balance found due.*—A mortgagor may file a bill alleging full payment and satisfaction of the secured debt, and asking a cancellation of the mortgage, and also for an account and redemption, offering to pay any balance that may be found due.

2. *Dissolution of injunction on partial denials of answer.*—When the bill prays the cancellation of a mortgage, alleging full payment and satisfaction of the debt, and also for an account and redemption, offering to pay any balance found due, a denial of the fact of payment in the answer does not meet the full equity of the bill, nor entitle the defendant to a dissolution of the injunction against a threatened sale under the power; and the case also comes within the rule which authorizes the retention of the injunction, whenever it appears that thereby less injustice and inconvenience would probably result to the defendant, than would result to the complainant from a dissolution.

3. *Extent of relief in equity; injunction of action at law by mortgagee, under bill for cancellation of mortgage, or account and redemption.*—When the jurisdiction of a court of equity has attached, under a bill filed by the mortgagor, alleging payment of the mortgage debt, and praying a cancellation of the mortgage, or a redemption on payment of any balance found due on statement of the account; and the mortgagee afterwards brings an action at law on the notes secured by the mortgage, which fact is brought to the attention of the court by an amended and supplemental bill, the court will effectuate its jurisdiction by enjoining such action at law.

4. *Acceptance of bill of exchange as payment.*—A bill of exchange drawn on a third person, by a surety on the note secured by mortgage, in favor of the mortgagee, is presumptively received, not as a payment on the debt, but only as a means of raising funds to be applied as a payment when realized; and the *onus* is on the mortgagor to overcome this presumption. But, in this case, the court holds, affirming the chancellor's decree, that the evidence affirmatively establishes the acceptance of the bill as a payment, showing an entry at the time of the amount of the bill less exchange, as an indorsement on the note, and similar entries of credits on several accounts rendered between the parties subsequently, both before and after the dishonor of the bill.

APPEAL from the Chancery Court of Butler.

Heard before the Hon. JOHN A. FOSTER.

The original bill in this case was filed on the 16th January, 1888, by the Dumham Lumber Company, a private corporation organized under the general statutes, against Whitley & Trimble as a partnership, and against the partners individually; and sought to enjoin an advertised sale of the

complainant's lands and mill property, under a mortgage which said company had executed to the defendants, alleging full payment and satisfaction of the mortgage debt, but also offering to pay any balance that might be found due on the statement of the account between them, and adding the general prayer for other and further relief. The mortgage was dated October 8th, 1885, and was signed by said company, *per* B. B. McKenzie as its president, and by said McKenzie and H. S. Perkins individually, who, as therein recited, were the only stockholders. The secured debt was evidenced by the promissory note of the mortgagors for $6,500, of even date with the mortgage, and falling due on the 1st November, 1886. An injunction was issued on the filing of the bill, which the defendants moved to dissolve after answer filed; the answer denying the allegation of payment, and claiming that a balance of at least $1,500 was still due on the mortgage debt; but the chancellor overruled the motion. An amended and supplemental bill was afterwards filed, alleging that the defendants, since the filing of the bill, had brought an action at law on the note secured by the mortgage, and praying an injunction of that action. After answer filed, insisting on their right to bring the action at law, the defendants moved to dissolve the second injunction, and to dismiss the amended bill for want of equity; both of which motions were overruled, and a reference to the register was ordered to state an account between the parties.

On the reference, the only matter of dispute between the parties was as to a draft, or bill of exchange, for $1,520, drawn by B. B. McKenzie on C. H. Raymond, New York city, in favor of the defendants, which was dated November, 1886, and payable at sixty days. It was admitted that this draft was protested for non-payment, and that it had never been paid; but the complainant insisted that the defendants had accepted it as payment, and this was the only contested question of fact. On the evidence adduced before the register, he held that the draft was accepted as an absolute payment, and therefore reported that the mortgage was satisfied in full; and the chancellor, approving his conclusions, confirmed the report, and rendered a decree for the complainant, declaring the mortgage satisfied, and ordering its cancellation. The defendants appeal, and assign this decree as error, together with the other rulings above noticed.

[Whitley & Trimble v. Dunham Lumber Co.]

W. R. HOUGHTON, for appellants.—(1.) The power of a court of equity to enjoin a sale under a mortgage, should be exercised with great care, and only when fraud or illegality is shown, or irreparable injury will probably ensue. *Vaughan v. Marable*, 64 Ala. 60; *Glover .v. Hemphill*, 82 Ala. 324. (2.) The injunction granted on the original bill should have been dissolved on motion, since the answer denied the alleged fact of payment, and the denial was full, explicit, and circumstantial.—*Hogan v. Br. Bank*, 10 Ala. 485; *Weems v. Weems*, 73 Ala. 462; *Bishop v. Wood*, 59 Ala. 253; *Miller v. Bates*, 35 Ala. 580; *Withers v. Dickey*, 1 Stew. 190. (3.) A mortgagee has three remedies for the collection of his debt, and he may pursue them all concurrently.—*Duval v. McLoskey*, 1 Ala. 708; *Micou v. Ashurst*, 55 Ala. 607; *Williams v. Cox*, 78 Ala. 325; *Chapman v. Lee*, 64 Ala. 403. The amended and supplemental bill only sought to enjoin the action at law, on the ground that the debt was paid; and that was a pure question of law, not complicated with any equities, and the defendants had a right to claim a trial by jury.—*Railway Co. v. McKenzie*, 85 Ala. 546. (4.) The note held by the defendants was not disputed, and the *onus* of proving payment of it was on the complainant.—*McWilliams v. Phillips*, 71 Ala. 80; *Lehman v. McQueen*, 65 Ala. 570. (5.) The draft on New York was not presumptively a payment *pro tanto*, but the *onus* was on the complainant to establish the fact that it was so accepted.—*Day v. Thompson*, 65 Ala. 269; *McCrary v. Carrington*, 35 Ala. 698; *Myatts & Moore v. Bell*, 41 Ala. 222; *Mooring v. M. D. & I. Co.*, 27 Ala. 254; *Lane Bodley Co. v. Jones*, 79 Ala. 156; 35 N. J. Eq. 326; 49 Ark. 508, or 4 Amer. St. 64; 1 Add. Contracts, § 333, note. (6.) Tested by the legal principles applicable to the case, the evidence fails to show that the draft was accepted as an absolute payment.—3 Rand. Com. Paper, §§ 1517-19, 1547; *Boyd v. Beck*, 29 Ala. 703; *Crockett v. Trotter*, 2 Porter, 446; *Andrews v. Nat. Bank*, 9 Heisk. 211, or 24 Amer. Rep. 300. (Evidence analyzed and commented on.)

RICHARDSON & STEINER, *contra.*—(1.) A mortgage exists, in equity, only so long as the debt secured by it is unpaid; and when that debt is paid and satisfied, a court of equity will enjoin a sale, or decree a cancellation.—*Davis v. Cook*, 65 Ala. 627; *White v. Association*, 63 Ala. 431; *Vaughan v. Marable*, 64 Ala. 65; *Struve v. Childs*, 63 Ala. 475; 1 High

on Injunctions, § 445; 3 Pom. Equity, 376; note 2; 2 Jones on Mortgages, § 1804; Thomas on Mortgages, 725. (2.) The principle is settled in Alabama, that the note of the debtor himself is not a payment of the existing debt, unless there is an agreement to receive it as payment; and that the note of a third person, received in payment, by agreement express or implied, extinguishes the debt in the absence of fraud.—*Fulford v. Johnson*, 15 Ala. 384; *Coke v. Cheney*, 14 Ala. 65; *Sanders v. Br. Bank*, 13 Ala. 353; *Insurance Co. v. Foster*, 58 Ala. 519; *Day v. Thompson*, 65 Ala. 269; *Keel v. Larkin*, 72 Ala. 502; *Mooring v. Insurance Co.*, 27 Ala. 258; *Dennis v. Williams*, 40 Ala. 636. (3.) On the contested fact of payment, the appellee relies on the evidence adduced before the register, as set out in his report; and also invokes the principle, that this court will not disturb the chancellor's conclusions on questions of fact, unless it plainly appears that he erred.—70 Ala. 68; 72 Ala. 409; 79 Ala. 192.

McCLELLAN, J.—The original bill alleged payment of a mortgage executed by the complainant—appellee here—and McKenzie & Perkins, to the appellants—defendants below; that notwithstanding such payment and satisfaction in full, the defendants had advertised the property covered by the mortgage, all of which belonged to the Dunham Lumber Company, for sale under a power of sale contained in the instrument; that, unless they were enjoined, the sale would be made, and thereby the large saw-mill business of complainant, and a railroad operated in connection therewith, would be stopped, large number of employees thrown out of employment, and complainant be prevented from filling orders and executing contracts it has from and with parties from outside of the State; that its credit and commercial standing with those with whom it has contracts, and in financial circles, will be impaired, and complainant be otherwise irreparably injured and damaged.

Complainant embodies in its bill an offer to redeem its property from said mortgage, if it should be mistaken in its averments of payment and satisfaction thereof, and to pay whatever balance should be found due thereon. The prayer of the bill is for an accounting to ascertain whether any, and, if any, what sum is unpaid, on the mortgage; that the same be cancelled, if found to be fully paid, and if not fully paid, that complainant be let in to redeem therefrom upon

[Whitley & Trimble v. Dunham Lumber Co.]

payment of the balance due, &c.; and that in the meantime defendants be enjoined from proceeding to sell under the mortgage, as they were threatening and preparing to do.

An injunction issued as prayed. Subsequently, the defendants instituted suit in the Circuit Court of Butler county, on the note which evidenced the mortgage debt; and upon this fact being brought to the knowledge of the chancellor, by an amendment in the nature of a supplemental bill, containing a prayer to that end, the suit at law was also enjoined.

The answer denied the averments of the original bill, as to satisfaction of the debt; and upon these denials a motion was made to dissolve the injunction. This motion was refused, as was also a motion to dismiss the bill for want of equity. Demurrers to the original bill, and to the amendment, were also interposed, and overruled; and on final hearing, it was found that the mortgage debt had been fully paid, the mortgage was decreed to be cancelled, and the injunctions against defendants were perpetuated.

1. There can be no question that the original bill, averring payment of the mortgage debt, and yet offering to pay any balance that might be found due on a statement of the account, and praying, in the alternative, for a cancellation of the mortgage if the debt secured by it should be found to be fully satisfied, or for a redemption from the mortgage, if a balance should be found against the complainant, contains equity.—*Fields v. Helms*, 70 Ala. 460; *Gilmer v. Wallace*, 79 Ala. 464.

2. The denials in the answer of the fact of payment and satisfaction did not entitle the defendants to a dissolution of the injunction of the threatened sale. The fact of payment was not essential to that aspect of the bill which sought an accounting and redemption from the mortgage, and the injunction was properly retained for the purposes of redemption, aside from the prayer for cancellation on the theory of satisfaction. In either aspect of the case, complainant was entitled to have the sale restrained until a final disposition of the case, in order that whatever right it should be adjudged to have, whether the right to cancellation or the right to redeem, might be effectuated. The answer contains no denial of any fact necessary to complainant's right to redeem.

Moreover, this case comes especially within the doctrine of *Harrison v. Yerby*, 87 Ala. 185, in which it was held
32

that the Chancery Court is invested with wide latitude in acting upon motions to dissolve injunctions on the denials of the answer; and that whenever it appears that a continuance of the writ will probably cause less injustice and inconvenience to the defendant, than would result to the complainant from its dissolution, this discretion is well exercised in denying the motion for dissolution.—*Chambers v. Ala. Iron Co.*, 67 Ala. 353; *Columbus & Western Railway Co. v. Witherow*, 82 Ala. 190; *Kinney v. Ensminger*, 87 Ala. 340.

3. The Chancery Court having thus rightfully acquired jurisdiction of the controversy, and restrained the sale under the mortgage, it had the further right, as a matter of course, to protect and effectuate its jurisdiction by enjoining the suit at law, instituted after bill filed, for the purpose of having one of the chief questions involved in the chancery case adjudicated and determined in the law court.—*North-western Railway Co. v. Barnett*, 65 Ga. 601; *Hadfield v. Bartlett*, 66 Wis. 635; 10 Amer. & Eng. Ency. of Law, 908-909.

4. The view we have taken of the questions considered above, some of which, perhaps, need not have been decided, leaves but one point open in the case—namely, whether the draft of B. B. McKenzie on Raymond was taken by the mortgagees, Whitley & Trimble, as an absolute payment *pro tanto* of the mortgage debt. On this issue, McKenzie being jointly bound with the Dunham Lumber Company for the debt secured by the mortgage, the presumption of law is, that the draft was not given and received as a payment on the debt, but only as a means of raising funds to be applied to the debt as a payment when realized; and the affirmative of the issue is, therefore, upon the complainant. The company, in other words, must affirmatively show that the paper was a payment of the mortgage debt, to the extent of its amount.—*McWilliams v. Phillips*, 71 Ala. 80; *Lehman v. McQueen*, 65 Ala. 570.

McKenzie swears that Whitley & Trimble, after satisfying themselves of the solvency of Raymond, upon whom the paper was drawn, took the draft in absolute payment of so much of the mortgage debt. On the other hand, Trimble testifies that the draft was not taken in payment at all, but only for the purpose of raising money to be applied when collected to the debt. Whitley corroborates Trimble in respect to subsequent conversations and transactions between them and McKenzie, in reference to the amount for which the draft was drawn, which conversations and transactions,

[Whitley & Trimble v. Dunham Lumber Co.]

as testified to by them, tend to show that the draft was not taken in payment, nor considered as a payment, in the first instance, or afterwards. In respect to these matters, Whitley's evidence is somewhat discredited by a former deposition given by him in the cause, in which he was not nearly so full and explicit as on this reference. McKenzie, in rebuttal, contradicts all this evidence, or so explains what occurred, or was said, as to make it entirely consistent with the theory that the draft was a payment. So stands the issue on the testimony of these witnesses; and if this were all the evidence in the case, we could not affirm that the mortgage debt was reduced *pro tanto* by this transaction.

But the complainant was very strongly supported by the following facts and circumstances, appearing from papers put in evidence: (1.) The face of the draft, less discount, is entered on the back of the mortgage, as of date the day after it was drawn, along with and following two other items which are shown to be proper credits on the secured debt, and to constitute the only large payments that had been made up to that time. (2.) The amount of the draft was charged to the defendants, as a payment on the mortgage debt, in a statement of the account which appears to have been rendered by complainant to defendants more than a year after it was drawn; this statement showing a balance due to complainant, which could have been the case only on the assumption that the draft was a payment; and though the statement was delivered to, and kept by defendants, no objection to it was seasonably made, nor at all in fact, except by taking steps long afterwards to sell under the mortgage. (3.) Several months after the draft was drawn, and after it had been dishonored, the defendants rendered three several statements of the account to the complainant, and in each instance credited the net value of the draft as a payment thereon, and, so treating it, drew down a balance of which, and of which only, they demanded payment; and this balance was afterwards fully paid by the complainant. (4.) On January 2, 1888, an account for $137.98 was presented by the complainant to the defendants, and accompanied by a request to "please remit," which could have been accounted for only on the assumption that the mortgage debt had been fully paid, especially as theretofore accounts of this character had been credited on that debt; and this account was received by defendants, and though not paid, no objection was ever made to it, or to its request for remittance. (5.)

[Robertson v. Durden.]

And finally, the fact that the net value of the draft in controversy was credited on the books of defendants as a payment on the mortgage debt, as of its date.

We can not escape the conclusion to which these facts drive us, that the draft was taken by the defendants as an absolute payment on the mortgage debt, and to that extent released the Dunham Lumber Company and its property from the debt, and the lien by which it was secured. It is admitted that the balance of the original mortgage debt, after deducting the amount of this draft, had been fully paid. This conclusion may be safely rested on the evidence adduced before the register which was not open to any tenable objection, and wholly without consideration of any testimony, the relevancy or admissibility of which is even questionable. We, therefore, deem it unnecessary to go into a consideration of the objections and exceptions filed to the register's report, and passed on, expressly or impliedly, by the chancellor in the final decree.

The decree of the chancellor confirming the results reached by the register, holding the mortgage debt to have been fully paid and discharged, so far as the complainant or its property was liable therefor, cancelling the mortgage, and perpetually enjoining the suit at law and sale under the power, is free from error, and is in all things affirmed.